# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

(No. 12914.—Appellate Court reversed; municipal court affirmed.)
THE ILLINOIS TRUST AND SAVINGS BANK, Appellant, *vs.*
THE NORTHERN BANK AND TRUST COMPANY *et al.*
Appellees.

*Opinion filed February 18, 1920—Rehearing denied April 7, 1920.*

1. APPEALS AND ERRORS—*when Appellate Court is presumed to have found facts the same as the trial court.* Where the Appellate Court reverses a judgment in favor of the plaintiff without remanding the cause or finding the facts and enters final judgment for the defendants, it is presumed that the Appellate Court agreed with the trial court on the facts but held them insufficient to sustain the plaintiff's cause of action, and the Supreme Court, on further appeal, can only determine whether there is any evidence tending to support the cause of action.

2. BILLS AND NOTES—*when evidence of acceptance by drawee bank is unnecessary.* Proof of acceptance of a check by the drawee bank is unnecessary, where the check, having been honored by another bank, is forwarded through the usual channels to the drawee bank, which charges the check to the account of the drawer and includes the amount thereof in a check drawn by it on another bank to cover the amount of checks honored by various banks and forwarded through the Federal Reserve Bank for collection and remittance.

3. BANKS—*when funds of foreign bank are subject to garnishment in Illinois.* Funds of a bank of another State in the hands

of a bank in Illinois are subject to garnishment in aid of an attachment suit in Illinois begun by an Illinois bank to recover the amount of a check paid by it drawn on the foreign bank, which the latter subsequently received and charged to the drawer's account but failed to pay, owing to its funds being taken possession of by the bank examiner.

4. CONFLICT OF LAWS—*when courts of Illinois will not enforce insolvent laws of another State.* The funds of a non-resident bank may be garnisheed in an attachment suit in Illinois although said bank at the time the suit was instituted had become insolvent and a receiver had been appointed under the laws of its own State to take possession of the assets of the bank, as the courts of Illinois will not enforce the insolvent laws of another State against an attaching creditor. (*Rhawn* v. *Pearce,* 110 Ill. 350, followed.)

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding.

DAVID O. DUNBAR, and WILLIAM D. DOGGETT, (JAMES C. HUTCHINS, of counsel,) for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Illinois Trust and Savings Bank began an attachment suit in the municipal court of Chicago against the Northern Bank and Trust Company of Seattle and summoned the Corn Exchange National Bank of Chicago as garnishee. Louis H. Moore, the State bank examiner of the State of Washington, interpleaded, claiming ownership of the funds in the Corn Exchange National Bank. A trial by the court without a jury resulted in a judgment for $115.39 against the defendant and a judgment for a larger amount against the garnishee, with an order for the payment of the judgment for $115.39 out of the funds in the hands of the garnishee. The Northern Bank and Trust

Company and the State bank examiner both appealed, and the Appellate Court reversed the judgment and rendered final judgment in favor of the appellants there. The court granted a certificate of importance and an appeal to the Illinois Trust and Savings Bank.

The Appellate Court made no finding of facts in its judgment, and therefore it is to be presumed that it found the facts the same as the municipal court, that it did not reverse the judgment of the municipal court on any erroneous rulings on questions of law arising on the trial since it did not remand the cause, and having found the facts the same as the municipal court and not having reversed its judgment for any erroneous ruling on the trial that it held the facts as found both by it and the municipal court insufficient to sustain the cause of action, hence the only question for our consideration on this appeal is whether there is evidence in the record which fairly tends to establish a cause of action in favor of the plaintiff, without reference to the contradictory evidence of the defendant. *Busenbark* v. *Saul,* 184 Ill. 343; *Purcell Co.* v. *Sage,* 189 id. 79; *Supple* v. *Agnew,* 191 id. 439.

The facts which the evidence shows without contradiction are, that a customer of appellant deposited with it a check for $115.39 drawn on the Northern Bank and Trust Company which the appellant credited to his account and forwarded to the Federal Reserve Bank of San Francisco for collection. The Federal Reserve Bank sent the check, together with other checks on the Northern Bank and Trust Company, amounting in the aggregate to $4020.86, to the latter bank for collection and remittance. The Northern Bank and Trust Company charged the checks, including the $115.39 check, to the accounts of the respective drawers and sent to the Federal Reserve Bank a check for the total amount, drawn on the Scandinavian-American Bank of Seattle. This check was presented to the drawee but was not paid, because meantime the Northern Bank and Trust

Company had been taken possession of by the State bank examiner and gone into liquidation.

The counsel for both parties have argued exhaustively the question whether the evidence shows an acceptance of the check by the Northern Bank and Trust Company, on which it was drawn, but we do not regard this as the decisive question in the case. It may be conceded that the check was not accepted. It was not presented for acceptance. It was presented for payment and it was paid. When the bank on which a check is drawn performs the dual function of collecting and crediting, the transaction is closed and in the absence of fraud or mutual mistake is equivalent to the payment in usual course. (*American Nat. Bank* v. *Miller,* 229 U. S. 517.) The check was received by the bank, was charged to the account of the drawer and the bank drew its check for the amount in favor of the appellant's agent. It received the money on the check, and its situation and liability with reference to the owner of the check are not any different from what they would have been if the check had been drawn upon another bank and collected by the Northern Bank and Trust Company. It received the money for the appellant and can only escape judgment by showing payment to the plaintiff or some other discharge of its liability. If the check for $115.39 had been the only check forwarded by the Federal Reserve Bank and a check for that amount had been returned to the Federal Reserve Bank, there could probably be no question of the right of the appellant to recover, and that right cannot be affected by the fact that a number of other collections were included in the same remittance.

The State bank examiner has assigned as cross-error that even though the appellant had a legal cause of action against the Northern Bank and Trust Company an attachment cannot lie, claiming that under the statute of the State of Washington he is a statutory receiver; that the legal title to the assets of the bank was vested in him by the stat-

ute, and that he has a right to proceed and collect all debts due to the bank. His contention is that the test whether a garnishment is maintainable is whether an ordinary suit could be maintained against the garnishee by the judgment debtor, and that since he, at the time this suit was instituted, had taken possession of the assets of the bank and was vested with the title, the bank could not maintain a suit against the garnishee. In the case of *Rhawn* v. *Pearce*, 110 Ill. 350, it was held that the courts of this State would not enforce the insolvent laws of another State by giving effect to a statutory assignment of the effects of the debtor residing in such other State against an attaching creditor, even though a resident of the same State as the debtor. The court quoted Story on Conflict of Laws, (section 414,) as follows: "The most convenient and practical rule is, that statutable assignments, as to creditors, shall operate intra-territorially, only. If our citizens conduct themselves according to our laws in regard to the property of their debtors found within our jurisdiction, it is reasonable that they should reap the fruits of their diligence and not be sent to a foreign country to secure such a dividend of their debtor's effects as the foreign laws allow;" and the conclusion reached was: "The fund was here, and was liable, under the laws of this State, to the process of attachment, and the trustees in the State of Pennsylvania could only take, as declared by Story, subject to the remedies provided by the laws where the fund had an actual existence."

The judgment of the Appellate Court is reversed and that of the municipal court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*