SMITH *v.* BUILDERS & MANUFACTURERS CASUALTY CO.

1. CORPORATIONS—FOREIGN LIQUIDATOR—INSOLVENCY—JUDGMENT IN PERSONAM.

   A general judgment *in personam* against a foreign corporation doing business in this State would be barred upon its insolvency and appointment of a receiver or liquidator in its home State.

2. COURTS—COMITY—GARNISHMENT OF FOREIGN CORPORATION'S DEBT —INSOLVENCY.

   Comity does not require that plaintiff in garnishment proceedings who impounded money due principal defendant, a foreign insurance company doing business in this State, before it became insolvent and was placed in hands of foreign statutory liquidator and while it was an entity subject to the laws and procedure of this State, be compelled to subordinate rights under proper garnishment process and assume the expense and in-

convenience of pressing his claim in the foreign liquidation proceeding because of subsequent order of a foreign court, since to do so would give extraterritorial effect to the statutory law and judicial proceedings had thereunder in the other State.

3. Garnishment—Judgment—Insolvent Foreign Corporation as Principal Defendant.

Proper form of judgment for plaintiff in garnishment proceeding in which the principal defendant, a foreign insurance company, became insolvent after proceedings were commenced, would be to have it against both the principal and garnishee defendants, with process for collection only against funds in the hands of the garnishee, so as to constitute it a judgment *in rem* and not *in personam;* but judgment, that principal defendant was indebted to plaintiff and garnishee to principal defendant, constituted an adjudication on the merits of plaintiff's claim and liability of principal defendant thereon is *held,* to have reached the same result.

4. Insurance—Foreign Liquidator—Garnishment—Abatement of Action.

Liquidator, as statutory successor under decree of Illinois court to insolvent foreign insurance company which had been doing business in this State, who was appointed after plaintiff had garnished company's debtor, may not invoke doctrine of comity and deprive plaintiff of rights acquired under the laws and court procedure in this State since at time writ was served principal defendant was an entity subject to the laws and procedure of this State and an appointment of a foreign statutory liquidator does not abate such rights.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 12, 1939. (Docket No. 105, Calendar No. 40,367.)   Decided March 9, 1939.

Assumpsit by Laurence W. Smith against Builders & Manufacturers Casualty Company, an Illinois corporation, for attorney fees.   Accompanying writs of garnishment against Owen, Ames, Kimball Company.   Ernest Palmer, Director of Insurance of State of Illinois, as liquidator and statutory successor of

defendant Builders & Manufacturers Casualty Company, intervened. Judgment for plaintiff. Intervening defendant Palmer appeals. Affirmed.

*Smith, Strawhecker & Wetmore,* for plaintiff.

*Butterfield, Keeney & Amberg* and *William J. Friedman* (*Roger B. Keeney, Richard Lindland,* and *Joseph F. Ruwitch,* of counsel), for intervening defendant.

Wiest, J. The principal defendant, an Illinois corporation, was duly authorized to transact casualty insurance business in this State. While it was so authorized, plaintiff, on April 12, 1938, brought this action in assumpsit against it in the Kent circuit court, by summons with proper service thereof, and sued out a writ of garnishment which was duly served upon the garnishee defendant herein. On April 14, 1938, the superior court for the county of Cook, State of Illinois, on petition of the director of insurance of that State, adjudged the Builders & Manufacturers Casualty Company insolvent and appointed Ernest Palmer, director of insurance of the State of Illinois, liquidator thereof. On April 29, 1938, the garnishee defendant filed a disclosure showing contingent liability to the principal defendant. August 2, 1938, the liquidator, as such and as statutory successor of the principal defendant, moved the court to dismiss the case on the ground that the corporation, by decree of the Illinois court entered July 22, 1938, was dissolved and its charter cancelled. Certified copies of the decrees of the Illinois court were introduced in support of the motion. The motion was denied. August 17, 1938, the liquidator petitioned the court for leave to intervene and be named a defendant, setting up therein the mentioned proceeding and decrees in the Illinois court

and asking that the petition stand as the answer of intervener to plaintiff's declaration. The court granted such leave. The issues so presented were heard August 17, 1938, and the court entered a judgment from which we quote the following:

"Arguments of counsel were heard and the court being of the opinion the intervening petition filed by Ernest Palmer, director of insurance and liquidator as aforesaid, did not present a meritorious defense to the present action, and being also of the opinion that the disclosure of the garnishee defendant revealed assets of the principal defendant in its possession and the damages of the plaintiff having been regularly assessed and determined by the court on said trial at the sum of $733.10,

"It is ordered, adjudged and decreed that the plaintiff recover against the funds in the possession of Owen, Ames, Kimball Co., garnishee defendant, an amount not exceeding his damages aforesaid, together with his costs and charges to be taxed and that the amount of said damages be collected solely from the assets in the hands of the garnishee defendant."

The liquidator reviews by appeal, contending that the dissolution of the corporation and cancellation of its charter by court decree abated the suit and garnishment proceeding and also that, without a judgment against the principal defendant, there could be no judgment against the garnishee.

Plaintiff claims that a foreign statutory liquidator does not take any title to Michigan assets by virtue of a foreign statutory assignment to him of the title to property, contracts, and rights of action of the insolvent and that a garnishment lien, obtained by a local creditor on local assets of a foreign insurance company prior to the entry of an order dissolving the same and prior to the appointment of a foreign statutory liquidator, is paramount to the foreign

statutory liquidator's claim to such assets arising from the statutory vesting of title in him after the date of the garnishment lien.

Plaintiff also claims:

"The absence of a judgment against the principal defendant does not, on the facts of this case, constitute a valid objection to the *in rem* judgment rendered against the funds in the hands of the garnishee defendant. * * *

"The judgment appealed from is strictly *in rem* and its effect is to determine judicially that the plaintiff, by virtue of his garnishment lien obtained by valid service of a valid writ of a Michigan court, has a claim to the assets reached and that his claim is paramount to the alleged title of the appellant as a foreign statutory liquidator."

The defense offered by the liquidator is in the nature of a suggestion of dissolution of the principal defendant, which bars a judgment *in personam* and invocation of the doctrine of comity, under which the suit and auxiliary garnishment proceeding would abate and plaintiff stand remitted to remedy under claim presented in the liquidation proceeding in the State of Illinois. The bar to a general judgment *in personam* is recognized. The invocation of comity is an appeal to give extraterritorial effect to statutory law and judicial proceedings thereunder in the State of Illinois. The doctrine of comity is without command as to how this case shall be decided. The writ of garnishment impounded money in this State due the principal defendant. This was accomplished under proper procedure before any action was taken in the Illinois court and while the principal defendant was an entity subject to the laws and procedure of this State. Under such circumstances the subsequent decrees of the Illinois court may not be given

operation in this State to compel plaintiff to forego rights so fastened and assume the expense and inconvenience of pressing his claim in the foreign liquidation proceeding. *U. S. Truck Co.* v. *Pennsylvania Surety Corp.*, 259 Mich. 422; and cases there cited. See, also, *Illinois Trust & Savings Bank* v. *Northern Bank & Trust Co.*, 292 Ill. 11 (126 N. E. 533).

The liquidator offered no valid defense. Strictly speaking, the judgment herein in form should have been against the principal defendant as well as against the garnishee, with process for collection only against funds in the hands of the garnishee. This would constitute the judgment one *in rem* and not *in personam*. The judgment rendered, however, adjudged the principal defendant indebted to the plaintiff and also found the garnishee defendant indebted to the principal defendant, so we have an adjudication on the merits of plaintiff's claim and the liability of the principal defendant therefor and, while it might have been better to have carried the same into the form of judgments *in rem*, we do not think that any real purpose would be served by remanding the case for the entry of such judgments. The same result is reached under the judgment entered.

We hold that the liquidator, as statutory successor under decree of the Illinois court, may not invoke the doctrine of comity and deprive plaintiff of rights acquired under the laws and court procedure in this State.

The judgment is affirmed, with costs against intervener.

BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. BUTZEL, C. J., did not sit. NORTH, J., took no part in this decision.