GERMAIN MUSSON *v.* HENRY D. RICHARDSON, Syndic of the Creditors of William Vance, an Insolvent, and others.

An action to recover the amount of a policy having been instituted against an insurance company, a short time before its dissolution by the expiration of its charter, an answer was filed by the attorney of the company a few days after its dissolution ; he shortly afterwards resigned his appointment, and no further proceedings were had for several years. The charter of the company made each shareholder " liable, in his individual and private capacity, to the extent of his shares, in any suit or action pending at the time of the dissolution of the charter, or to be brought thereafter." A few days before the dissolution of the charter, the company transferred, for a certain sum, all its capital stock to another company, which guarantied the stockholders of the old company from all further responsibility as such. The action was tried, some years after, *ex parte,* in the absence of any representative of the company or its stockholders, and without notice to, and in the absence of any one interested in the defence, and judgment rendered in favor of the plaintiff. In an action, by one of the stockholders of the dissolved company, to annul the judgment: *Held,* that the judgment was illegal and void ; that the defendants, by the expiration of their charter, had lost all capacity to appear in court ; that the plaintiff should have cited the stockholders, in case he intended to exercise his recourse against them under the charter, and have made them defendants, unless he chose to avail himself of the transfer of the stock, and to call the transferrees to defend the suit under the responsibility assumed by them ; and that the plaintiff in the action of nullity, being still responsible for the debts of the dissolved corporation to the extent of the shares transferred by him to the new company, had a sufficient interest to authorize him to sue to annul the judgment. C. P. 606.

APPEAL from the District Court of the First District, *Buchanan,* J.

*L. Janin,* for the plaintiff.

*L. Peirce* and *G. Strawbridge,* for the appellant.

SIMON, J. The object of this suit is to obtain the nullity of a certain judgment rendered on the 13th of June, 1844, in favor of the plaintiff William Vance, against the *Louisiana State Insurance Company,* a corporation whose charter had expired on the 1st of May, 1835. The petitioner states, in substance, that said company was incorporated by an act of the legislature of the 6th of March, 1819, to remain in existence until the 1st of May, 1835. That the said company being still in operation, on the 22d of December, 1834, William Vance insured, in the sum of $5,000, his commissions on goods that were to be sent and consigned to him in the ship *Springfield,* at and

from Belfast to New Orleans. That the said ship having been lost, said Vance applied to the company for the amount of insurance, and payment being refused, instituted a suit against them for said amount, which George Eustis, Esq. was instructed to defend, but the answer was only filed on the 5th of May, 1835. That on the 1st of May, the charter expired, and that a short time previous, said company had transferred all its stock to *The Louisiana State Marine and Fire Insurance Company*, for a valuable consideration. That before and at the time of the dissolution of said company, the petitioner held twenty shares of the capital stock, of $1,000 the share, which were also sold to the said Marine and Fire Insurance Company. That one of the consequences of the sale of the stock was, that the latter should hold the old company secure against any outstanding claims and demands. That according to the 16th section of the charter, the stockholders are made responsible, *at the time of dissolution*, to the extent of their respective shares, and no further, *in any suit or action then pending, or to be brought after the said dissolution.* That since the 1st of May, 1835, the said Louisiana State Insurance Company had no longer any property or legal existence, and could not stand in judgment, and that if the said Vance had intended to prosecute his suit in a valid and legal manner, he should have made the stockholders of the old company, or the Louisiana State Marine and Fire Insurance Company parties defendant to the suit.

He further represents that no step whatever was ever taken in said suit, from the 5th of May, 1835, to the 13th of June, 1844, when the same was tried *ex parte*, and judgment rendered for the amount of the claim ; that an execution was lately issued under said judgment, and although the same is nugatory, still, as the judgment might be made, under the 16th section, the basis of a claim against the petitioner, he is interested in having the same annulled and set aside as being contrary to law.

The petition proceeds to state divers facts in relation to the cession of property made to his creditors by Wm. Vance, in 1838, in whose schedule the claim of $5,000 was included—to the appointment of H. D. Richardson, as syndic—to the *tableaux* of distribution by him filed—to the sale and adjudication of the

uncollected claims of the insolvent, made on the 23d of July, 1842, to one William Stewart, for $165 cash, which claims amounted to $53,665 33, and in which the claim of Vance against the *Louisiana State Insurance Company*, is included; and further alleges that the company had a good defence to the said claim, to wit, that that the greater part of the goods which Vance was to receive on consignment were sent to him by another vessel.

The petition avers that the proceedings had in said suit were calculated to take the parties by surprise, and to defeat their defence; that Wm. Vance, by his cession of property, lost all title and interest in said claim; that either his syndic, or those claiming from him ought to have made themselves parties to the suit; that said suit was placed on the jury docket, and could only be tried as a jury case; that the counsel who had filed the original answer was, in 1844, no longer engaged in the cause; and that the judgment never was served upon any party. It further represents that the Louisiana State Marine and Fire Insurance Company, by reason of its purchase of all the stock of the old company, is bound to protect the petitioner against the said claim, and to settle and extinguish the same, and to relieve him from the danger of the contingencies to which he is exposed. That the concerns of the said Marine and Fire Insurance Company are now administered by three commissioners, appointed for its liquidation; and that, from the contrivances of the parties herein opposed to him, it is impossible to know for whose benefit the execution was issued, but that he believes Robert Gamble and Isaac Stewart claim to be the owners of the judgment.

Wherefore he prays that said Gamble and Stewart, and the syndic Richardson, and the three commissioners of the Louisiana State Marine and Fire Insurance Company be cited; that the judgment complained of be annulled, and that an injunction issue, &c.

Stewart and Gamble filed separate answers, in which they disclaim, respectively, all right, title, and interest in the said judgment. A judgment by default was taken against the syndic; and William Vance intervened in the suit for the purpose

only of claiming the dismissal of the injunction on divers
grounds stated in his petition, and of praying that a judgment
for $12,000 damages might be awarded to him against the
plaintiff, and his surety in the injunction bond.  This petition
of intervention was excepted to by the plaintiff, on the ground
that Wm. Vance, in consequence of his cession of property, has
no interest in the judgment complained of; that it is not alle-
ged that he ever re-acquired a right thereto ; and that the alle-
gations contained in the plaintiff's petition are true and correct.
The commissioners of the Louisiana State Marine and Fire In-
surance Company answered the petition of the plaintiff, and that
in intervention, by pleading the general issue.

Judgment was rendered below in favor of the plaintiff, per-
petuating the injunction, and annulling the judgment by him
complained of; and from this judgment, William Vance has
appealed.

The principal, nay the only question which this case presents,
under the pleadings, is, whether the plaintiff has made out such
a case as to entitle him to be relieved against the judgment
upon which the execution enjoined was issued.

It cannot be doubted that, as one of the stockholders of the
Louisiana State Insurance Company, whose charter expired on
the 1st of May, 1835, the plaintiff has a great interest in defeat-
ing the outstanding claims which may exist against the compa-
ny.  His responsibility results from the 16th section, which
makes him *liable in his individual and private capacity to the ex-
tent of his shares, in any suit or action pending at the time of the
dissolution of the charter, or to be brought thereafter ;* and if the
judgment complained of was shown to have been properly and
legally rendered, it is obvious that the plaintiff would be bound
to its satisfaction to the extent of his interest in the stock of the
company.  It is clear, therefore, that if he has succeeded in
establishing the grounds of nullity set up in his petition against
said judgment, he has a right to demand that its nullity be de-
clared, and that the injunction issued against its execution be
perpetuated.

It appears from the evidence, that the suit alluded to in the
petition was brought against the company, of which the plain-

tiff was a member, on the 20th of April, 1835, that the citation was served on the same day, and that on the day that its charter expired (1st May, 1835), the delay for answering was hardly at an end. An answer, however, was filed on the 5th of May, in the name of the company by a counsel, who, being its regular attorney, acted in compliance with his duty, and, we may fairly presume, under the instructions of the then president and directors of the said company. This answer was a general denial of the plaintiff's allegations, and of his having any interest in the thing insured, and an averment that it was small, and that the company was willing to pay him the amount of his interest. The counsel, who filed said answer, resigned his office as attorney of the company before the month of May, 1836, absented himself from the State until 1837, and since his resignation never had any relations with the company, either direct or indirect; and he says in his testimony that, after he resigned, he considered he had nothing more to do with the suit of Vance. The suit stood unacted upon until the 13th of June, 1844, when it was tried *ex parte*, and in the absence of any person representing the company or the stockholders; and a judgment was rendered in favor of the plaintiff, on the evidence by him adduced, for the whole amount by him claimed. It does not appear that any notice was given to any person interested in the defence, except that the counsel who filed the original answer says, that the plaintiff's attorney mentioned to him two or three months before the trial, that he was going to try the case; but he paid no attention to this notification other than mentioning the fact to Mr. P. Forstall, who was said to have charge of the affairs of the company. He did not, however, consider the notification serious.

In the meantime, Wm. Vance sued his creditors; the claim was put upon his bilan; it was sold by the syndic, with a number of other claims, and adjudicated to Wm. Stewart for the benefit of Wm. Vance. It appears also that, in the latter part of April, 1835, the Louisiana State Insurance Company *transferred all its titles, rights and interests* in the capital stock, to the Louisiana State Marine and Fire Insurance Company, at the rate of $500 for each share, *the stockholders thereof being relieved from*

*all further responsibility;* and that, *on the* 27*th of the same month, the plaintiff accordingly made a formal transfer of his twenty shares to the latter, to hold the same to their use.* It is also admitted that *the whole stock of the old company was transferred to the new one,* between the 25th and 30th of April, 1835.

And it is also shown that divers communications were had in April, 1835, between Wm. Vance, and the president (John K. West) of the old company, in relation to the claim; and that in May, 1842, some propositions of compromise were made in Vance's name by Mr. West, and declined on the part of the commissioners of the new company.

Without its being necessary to examine thoroughly the question, whether the attorney of the company had any authority to file an answer, even under the instructions of the president and directors, after the expiration of its charter, and to proceed immediately to the trial of the suit, if such had been the case, without its being revived against the stockholders, we are of opinion that the proceedings had subsequently in the said suit, and the judgment rendered in June, 1844, were irregular and illegal, as there was then no party defendant with whom said suit could have been contradictorily tried and decided. The company, by the expiration of its charter, had lost all authority to appear in court and stand in judgment. It had become incapacitated in its collective name to defend the interests of the stockholders, who, by the 16th section of the charter *had, at the time of its dissolution, become responsible in their individual capacities to the extent of their respective shares, in any suit then pending, or to be brought after the said dissolution, for the payment of all debts previously contracted by the said company.* It was then the duty of the plaintiff to cite the stockholders against whom he intended to exercise his recourse under the charter, and to make them parties defendants; unless he chose to avail himself of the transfer of the stock made to the new company, and to call the latter to defend the suit, under the responsibility it had assumed in the act of transfer. The plaintiff did not think proper to do either; but after having permitted his action to lay dormant for the space of nine years, he proceeded, *ex parte,* to the trial thereof, and obtained the judgment which he now seeks to man-

tain against one of the stockholders. This he had no right to do. In the case of *Bernard* v. *Vignaud,* 1 Mart. N. S. 9, this court held, that a judgment rendered against a party legally incapacitated to defend himself (and here the old company had lost such capacity), ought to be considered as one rendered *without parties,* and absolutely void. So it is when the defendant dies, even after issue joined, the case cannot be proceeded in without citing his heirs or representatives to defend the action, and the attorney of the deceased has no right to carry on the suit after the death of his client. It must be revived against his heirs. Code of Practice, art. 120. 3 La. 527.

Now, art. 606 of the Code of Practice, informs us, that a judgment can be annulled, when it has been rendered, *even contradictorily,* against a person *disqualified (qui n'avait pas capacité), by law from appearing in a suit,* and when the defendant *has not been legally cited.* Here, the company had been disqualified by law. It could no longer appear in the suit. The answer filed in its name could not be considered as having any such legal effect on its capacity as to enable it to defend the suit after the dissolution of the charter. The stockholders were not cited; and it seems to us clear, that the judgment complained of, even supposing it to have been pronounced contradictorily with the old company, under the issue joined on the 5th of May, 1835, is illegal and void, and that the injunction ought to be maintained and perpetuated.

*Judgment affirmed.*