## No. 9444.

### LICHTENSTEIN BROS. & CO. vs. GILLETT BROTHERS.

In a proceeding where a non-resident creditor has attached in Louisiana property of a non-resident debtor fraudulently brought in this State, the rights thus acquired cannot be defeated by a receiver appointed under a creditor's bill, by a court of another State, by means of an intervention in which he claims the property as receiver for the purpose of bringing the same within the jurisdiction of the court wherein he holds his appointment.

The general rule is that such a receiver is the mere creature of the court appointing him, and his powers cannot be exercised beyond the confines of that State.

For the purpose of claiming the protection of our courts, no discrimination can be made between residents or citizens of this State and citizens of another State. It suffices that the seizing creditor whose rights are assailed by a foreign receiver, be not a resident or citizen of the State whence the latter derives his powers.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

T. J. Semmes & Payne for Plaintiffs and Appellees.

Gibson, Hall & Montgomery and B. Titche for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J.   The record shows the following facts as bearing on this controversy:

The defendants, who were domiciled in Atlanta, Georgia, fraudulently shipped large amounts of goods to this city and to other points, for the purpose of defrauding their creditors.

Plaintiffs, who are residents of New York, and creditors of the defendants, issued attachments against such portions of the goods as were discovered in this city.   Other attachments were taken by other creditors, residents of other States.

Several parties, claiming ownership or privileges in and on the goods, intervened in this suit, but final disposition having been made of their interventions, and none of the parties having appealed, their proceedings form no element of the contestation which now concerns us.

The contest on this appeal is between plaintiffs and E. A. Augier, who has been appointed by the Circuit Court of Fulton county, State of Georgia, as receiver of the property of the firm of Gillett Brothers, under a proceeding known in common law as a creditor's bill.

He has intervened in this case with the object of being placed as receiver in possession of all the proceeds realized from the sale of the property attached herein, and he appeals from a judgment denying his demand and dismissing his intervention.   The district court also rendered judgment in favor of plaintiffs in the sum of $1142 90, which was the amount of their claim, recognizing their privilege on the property attached.

All objections urged by appellant to the validity of the judgment, on account of defects in the manner of proceeding against the defendants and on other grounds, are met by the consideration that the amount of the claim being less than the lower limit of our jurisdiction, we are powerless to revise that judgment, which must therefore be treated as final—at least for the purposes of this discussion.

Our jurisdiction is restricted to the intervention, which involves an amount in dispute exceeding seven thousand dollars.

The only question for solution is, therefore, the right of intervenor, under his appointment as receiver under a creditor's bill by the Chancery Court of Fulton county, Georgia, to recover possession of the property of the defendants, adversely to the rights acquired by plaintiffs under their attachment of that property which was found in this State.

Plaintiffs' attachment was effected on the 26th of April, 1883; the intervention was filed on December 13, 1883.

The record is silent as to the precise date of intervenor's appointment as receiver, but it appears that the appointment had been made when the goods were attached, and that they had been removed from ·Georgia several days before the institution of the proceedings resulting in the appointment of the receiver, and that some of the goods had been attached here as early as the 14th of April, 1883, by one of the ·creditors of the fraudulent firm, before the filing of the creditor's bill.

It is conceded by appellant that he has never had possession of the property herein attached.

His contention is that the legal effect of his appointment as receiver by the Georgia court was to operate a transfer of all the property of ·Gillett Brothers, wherever found.

His proposition is controverted by plaintiffs, who urge the following ·considerations:

1. That the insolvent laws of Georgia can have no extraterritorial ·effect.

2. That a receiver appointed under a creditor's bill derives no authority from the insolvent, but is merely the instrument of the court which ·appoints him and cannot execute its mandates beyond its territorial ·jurisdiction.

Touching the first point submitted by plaintiffs, the current of authority seems to be that, under the comity regulating the intercourse of the States of this Union, a receiver appointed by a competent court of ·one State will be allowed to sue in another State and to recover property belonging, or debts due, to the insolvent corporation or firm which he represents. The rule is founded on the theory that the legal representative of the insolvent has the undisputed power to exercise all the rights which attached to the party whom he represents by assignment.

It must be noted that the rule as thus extended is a marked departure from the practice as understood in the earlier stages of American jurisprudence, when it was held that "the powers of a receiver are coextensive only with the court making his appointment. They do not reach property, although movable, which is situated beyond the confines of the State." Rorer on Interstate Law, p. 295; High on Receivers, p. 156; Wharton on Conflict of Laws, § 390; Booth vs. Clark, 17 Howard, 337; Life Association of America vs. Levy, 33 Ann. 1203.

But the courts which have recognized and enforced the modified rule, which rests exclusively, as stated, on the spirit of comity between the ·States, have established a very material distinction deriving from the ·nature of the assignment, as voluntary or compulsory.

Under the effect of a voluntary assignment, if valid under the laws. of the State wherein it was made, the assignee or legal representative of the owner of the property is vested with all the rights which attached to the assignor; and hence it has been held that the assignee can exercise the rights of the former to sue in another State in order to enforce a claim or to recover property. Whereas the receiver under a statutory or compulsory transfer has been held to be vested with no powers but such as flow from his appointment, and that such powers cannot be exercised beyond the territorial jurisdiction of the court making the appointment.

That distinction was considered by the Supreme Court of the United States in the case of Booth vs. Clark, 17 Howard, 327, in an exhaustive and learned opinion, from which we quote the following language as. entirely applicable to the case in hand:

"Such being the rule in American courts, in respect to foreign assignments in bankruptcy, and in respect to such assignments as may be made under the insolvent laws of the States of the United States, there can be no good reason for giving to a receiver appointed in one of the States, under a creditor's bill, a larger comity in the courts of the United States, or in those of the States or Territories. On the contrary, strong reasons may be urged against it. A receiver is appointed under a creditor's bill for one or more creditors, as the case may be, for their benefit, to the exclusion of all other creditors of the debtor, if there be any such, as there are in this case. * * * He has no extraterritorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court, or another jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek."

For the purposes of the decree which we propose to render in this. case, we are not called upon to enforce against intervenor the rule which has been so clearly laid down by the highest tribunal of the land to its fullest extent.

We do not propose to deny to him, and we must not be understood as debarring him absolutely, of any right under his appointment to claim and obtain possession of the property of Gillett Brothers, in case the exercise of such right does not militate with or destroy any existing rights acquired by creditors under proceedings instituted in our courts. In his brief, his counsel concedes that the claim which he now

presses to our favorable consideration could not be enforced to the detriment of previously acquired rights of *our own citizens.* But he contends that the protection cannot be extended to plaintiffs, for the reason that they are residents of the State of New York.

We have given a careful consideration to the numerous authorities which he invokes in support of that proposition. But they do not bear him out in his line of argument. Every case which he cites, and in which effect was given to an assignment made in another State when sought to be enforced in this State, adversely to seizures made by creditors of property found in the State, presented the question of a voluntary and not of a compulsory or statutory assignment. 8 R., United States vs. Bank of the United States; 1 Ann. 430, Richardson vs. Leavitt; 2 Ann. 660, Merchants' Bank vs. Bank of United States; 4 Ann. 351, Whittenwright vs. Leavitt; 14 Ann. 554, Southern Bank vs. Wood & Chaplin.

Wherever the protecting ægis of our courts is invoked by a *bona fide* creditor seeking a just remedy on the property of his debtor found within the borders of the State, we see no good reason to justify a discrimination between citizens or residents and non-residents of the State. The rights acquired under our laws through legal proceedings in our courts, by a non-resident, are and must be held as binding and as sacred as would be the same rights enforced at the demand of one of our own citizens. These views have been entertained and enforced by very respectable authorities. Hoyt vs. Thompson, 5 N. Y. 320; Hunt vs. Jackson, 5 Blach. 349; Rhawn vs. Pearce, 110 Illinois.

In our opinion, it is sufficient that the creditor who has acquired rights by legal process in our courts be not a resident or a citizen of the State whose court has appointed a receiver who urges claims adverse to his acquired rights in our courts.

The plaintiffs in this case, residents of New York, are not more amenable to the jurisdiction of the Georgia courts than would be a citizen of Louisiana, and they are legally entitled to the full protection of our courts against the claims of intervenor.

Such were the conclusions of our learned brother of the District Court, and we find them correct.

Judgment affirmed.