U. S. TRUCK CO. *v.* PENNSYLVANIA SURETY CORP.

1. CORPORATIONS—FOREIGN CORPORATIONS—DISSOLUTION.
   Dissolution of corporation is governed by laws of State of its charter.

2. JUDGMENT—COMITY.
   Decree of Pennsylvania court dissolving Pennsylvania surety corporation, and vesting title to all of its property in Pennsylvania insurance commissioner must be given full faith and credit by courts of Michigan.

3. PROPERTY—GOVERNED BY LAWS OF STATE WHERE SITUATED.
   State laws, having no extraterritorial force, rights and remedies of property are governed by laws of State in which it is situate.

4. CORPORATIONS—COMITY—CONSTITUTIONAL LAW.

Statutory assignment of dissolved foreign surety company's property to foreign insurance commissioner is given force in other States on ground of comity, not by constitutional mandate.

5. SAME—DISSOLVED CORPORATION DEAD PERSON.

In law, dissolved corporation is dead person, and therefore no service may be had on foreign corporation by service on insurance commissioner of this State, which amounts to personal service, where it had been dissolved by decree of foreign court.

6. SAME—INSURANCE—JUDGMENT—PROCESS.

Judgment *in personam* against foreign corporation dissolved by decree of foreign court may not be enforced against its property in this State, where service was had by service on insurance commissioner of this State, since, on its dissolution, there was no one to serve (3 Comp. Laws 1929, § 12315).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 7, 1932. (Docket No. 53, Calendar No. 36,391.) Decided June 23, 1932. Rehearing denied September 14, 1932.

Garnishment proceedings by U. S. Truck Company, a Michigan corporation, against Pennsylvania Surety Corporation, a foreign corporation. Default judgment for plaintiff. Defendant appeals. Reversed.

*Evelyn A. Greene* and *Maurice P. Rhodes,* for plaintiff.

*Edward A. Smith,* for defendant.

FEAD, J. January 14, 1931, plaintiff commenced suit against defendant, a Pennsylvania insurance company, and also brought garnishment proceedings. Garnishment summonses were served the same day. Service in the principal suit was made on January 17th on the commissioner of insurance of this State,

under 3 Comp. Laws 1929, § 12315, which provides that the company—

"Shall likewise file with the commissioner of insurance its irrevocable written stipulation, duly authenticated by the company, stipulating and agreeing that any legal process affecting such company, served on the insurance commissioner or his deputy, shall have the same effect as if personally served on the company or its authorized attorney in this State."

January 14th, a decree of dissolution of defendant was entered in the court of common pleas of Dauphin county, Pennsylvania, upon which, by statute of that State as well as the decree, the commissioner of insurance of Pennsylvania was—

"vested by operation of law with title to all of the property, contracts, and rights of action of such company." Pennsylvania Laws, 1921, § 506, p. 808.

The commissioner of insurance of Pennsylvania, as statutory liquidator of the corporation, appeared specially and moved to dismiss the suit because of the dissolution decree. The motion was denied, and the cause proceeded to judgment on default of defendant for failure to appear.

The record does not show the disclosures, if any, of the garnishee defendants. The judgment is *in personam,* in the usual form, for the amount of damages proved.

Dissolution of a corporation is governed by the laws of the State of its charter. *Mills v. Anderson,* 238 Mich. 643. The foreign laws need not be formally introduced in evidence. 3 Comp. Laws 1929, § 14179. Full faith and credit must be given the decree of the court of common pleas in the respects: (a) That defendant corporation was dissolved by

the decree; and (b) that the insurance commissioner of Pennsylvania took and holds title to the corporate property, not as an ordinary receiver, but as a *quasi*-assignee of the corporation by force of statute, entitled of right to defend or sue in its stead in actions in other States. *Relfe* v. *Rundle,* 103 U. S. 222; *Converse* v. *Hamilton,* 224 U. S. 243 (32 Sup. Ct. 415, Ann. Cas. 1913 D, 1292); *Lion Bonding & Surety Co.* v. *Karatz* (C. C. A.), 280 Fed. 532; 14A C. J. p. 1350.

But State laws do not have extraterritorial force. Rights and remedies of property are governed by laws of the State in which it is situate. The statutory assignment will be given force in other States, but on the ground of comity, not by constitutional mandate. *McKey* v. *Swenson,* 232 Mich. 505; *Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183 (110 N. E. 502); 23 L. R. A. 52, note.

"A statutable conveyance of property cannot strictly operate beyond the local jurisdiction. Any effect which may be given to it beyond this does not depend upon international law, but the principle of comity; and national comity does not require any government to give effect to such assignment, when it shall impair the remedies or lessen the securities of its own citizens. And this is the prevailing doctrine in this country." *Oakey* v. *Bennett,* 11 How. (U. S.) 33, 43, quoted in *Security Trust Co.* v. *Dodd, Mead & Co.,* 173 U. S. 624, 629 (19 Sup. Ct. 545).

So, it is held that, where there is property of a foreign corporation within the State, a foreign judgment dissolving the corporation will not be permitted to compel citizens of the State to undergo the expense and inconvenience of asserting their claims in the foreign jurisdiction, but the local property will be subjected to local demands. *Rodgers* v. *Adriatic Fire Ins. Co.,* 148 N. Y. 34 (42 N. E. 515); *Hammond*

v. *National Life Ass'n,* 58 App. Div. 453 (69 N. Y. Supp. 585); *Shloss* v. *Metropolitan Surety Co.,* 149 Iowa, 382 (128 N. W. 384); *Alwart Bros. Coal Co.* v. *Pittsburgh Fire Ins. Co.,* 253 Ill. App. 361.

Plaintiff relies upon the latter authorities. The defect in its position is that, although plaintiff now disclaims purpose to enforce the judgment except upon property within this State, the judgment is *in personam,* and, if valid, is as enforceable elsewhere as in Michigan. Nor does the record disclose any property impounded in this State upon which the judgment could operate or be sustained as a judgment *in rem.*

It may be conceded that, within some limitations, the designation of the commissioner of insurance as an agent upon whom service of process may be made is irrevocable by the foreign corporation as long as it is in existence, whether it be in operation or in receivership and although it may withdraw from the State. *Ennest* v. *Railroad Co.,* 176 Mich. 398 (47 L. R. A. [N. S.] 179, Ann. Cas. 1915B, 594); *Mutual Reserve Fund Life Ass'n* v. *Phelps,* 190 U. S. 147 (23 Sup. Ct. 707).

But the statute declares the effect of service on the insurance commissioner to be the same as that of personal service on the corporation. Upon dissolution, there is no one to serve, because, in law, a dissolved corporation is a dead person, so much so that, in the absence of statute and revival, even pending actions by or against it would abate. *Pendleton* v. *Russell,* 144 U. S. 640 (12 Sup. Ct. 743); 1 C. J. p. 134; 32 L. R. A. (N. S.) 446, note; 17 Ann. Cas. 225, note; 14A C. J. p. 1200.

The statutes of this State recognize the finality of dissolution by providing for continuance of domestic corporations for a term of years for the purpose of

certain actions and directing the manner of service. These statutes are not made to apply to foreign corporations either by language or as a condition of admission of the latter to do business in this State. Perhaps our legislature should extend them to foreign corporations, as has been done in some other States.

The service was invalid to sustain a judgment *in personam* and the record does not show basis for a judgment *in rem*.

Judgment will be reversed, with costs, and without new trial.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.