145 So. 774

**COGNOVICH et ux. v. SUN INDEMNITY CO. OF NEW YORK.**

No. 32135.

Jan. 3, 1933.

Sidney F. Gautier, of New Orleans, for relators.

Edward Rightor and W. H. Sellers, both of New Orleans, for respondent.

O'NIELL, C. J.

Louis Cognovich and wife, having a judgment for $1,442.09 against the Federal Surety Company, a foreign corporation doing business in this state, and the corporation having

become insolvent, sued the Sun Indemnity Company of New York, as surety on the qualifying bond of the Federal Surety Company. The bond was given under the provisions of Act No. 58 of 1921 (Ex Sess.) for the privilege of doing business in this state. The suit against the Sun Indemnity Company was allotted to division D of the civil district court for the parish of Orleans; which division is presided over by Judge Walter L. Gleason. Before an answer was filed in the suit, Judge Mark M. Boatner, presiding in division B of the civil district court, appointed a receiver for the Federal Surety Company, under authority of Act No. 227 of 1932, and on the petition of a creditor of the insolvent corporation. The receiver obtained from the secretary of state the bond given by the Federal Surety Company, under Act No. 58 of 1921 (Ex. Sess.), with the Sun Indemnity Company as surety, and the original bond given by the Federal Surety Company, under the statute, with the American Surety Company as surety; the purpose being to collect from the surety or sureties on the bond or bonds and settle with the Louisiana creditors of the Federal Surety Company.

Act No. 227 of 1932 was intended for a case like this. The object of the act, as expressed in its title, is to authorize the appointment of receivers for foreign insurance companies that have qualified to do business in this state, and have become insolvent, or have had receivers or liquidators appointed for them elsewhere; to authorize such local receivers to collect all of the assets of such insolvent insurance companies in this state, including deposits with the state treasurer, and to proceed against the surety or sureties on the bond or bonds filed by such insurance companies with the secretary of state, for the privilege of doing business in this state; to authorize such receivers to have determined and ranked all claims against such insurance companies and the sureties on their bonds; and to provide for process in such cases, and the trial thereof.

Soon after the receiver was appointed by Judge Boatner, Judge Gleason, on motion of counsel for the Sun Indemnity Company, transferred this suit to division B, to be disposed of in the receivership proceedings.

Mr. and Mrs. Louis Cognovich have brought the matter here on a writ of certiorari and petition for mandamus, contending that Act No. 227 of 1932 would be unconstitutional if given the retroactive effect of depriving them of their right, under Act No. 58 of 1921 (Ex. Sess.), to proceed directly against the Sun Indemnity Company, as surety on the Federal Surety Company's bond. The relators' complaint is not well founded. The bond given by the Federal Surety Company, under the provisions of Act No. 58 of 1921 (Ex. Sess.), was not given for the use or benefit of Mr. and Mrs. Louis Cognovich especially, but, according to the exact language of the statute (section 1), the bond was given "for the use and benefit of all creditors [of the Federal Surety Company] in the State of Louisiana." The act of 1932 provides an appropriate method of procedure for settling with the creditors of an insolvent foreign insurance company. If the relators in this case are entitled to any preference or advantage over any other creditor or creditors of the Federal Surety Company or of the Sun Indemnity Company, by virtue of the judgment obtained by the

relators, or otherwise, the preference or advantage will not be lost or affected by Judge Gleason's order, relegating the relators' claim to the receivership proceedings before Judge Boatner.

The authority of Judge Gleason to transfer the suit of the relators against the Sun Indemnity Company to Judge Boatner's division of the civil district court is found in section 10 of rule 8 of the Rules of the Civil District Court. The rule provides that, when there are two or more suits against one debtor, and a conflict may arise as to the validity of one or more of the claims, or as to the validity of a seizure levied, or as to the order in which the claims shall be paid, and there is a common fund which is the subject of the controversy, all of such suits shall be assigned to the division that first acquired jurisdiction quo ad that fund. The proceeds of the bond of the insolvent Federal Surety Company, when collected by the receiver, will be the fund which all of the Louisiana creditors of the Federal Surety Company must look to for payment. And the judge who will have jurisdiction in the matter of distributing the fund is Judge Boatner.

The relief prayed for by the relators is denied, and this proceeding is dismissed, at their cost.