LIVINGSTON v. SOUTHERN SURETY CO. OF NEW YORK.

1. Corporations—Foreign Corporation—Receivers—Dissolution—Process.

Order appointing receiver to take over assets of foreign corporation in this State was not nullity for want of process, where corporation had been dissolved and there was no one upon whom service could be made.

2. Same—Principal and Agent.

When foreign corporation was dissolved, agency of its representative in this State ended.

3. Receivers—Equity—Jurisdiction—Judicial Discretion.

Right of court of equity to appoint receiver ex parte is inherent part of its equity powers, and is entirely matter of judicial discretion.

4. Same—Intervention—Statutes.

By filing petition to intervene in proceedings for appointment of receiver, intervener submits himself to jurisdiction of court, and may not question validity of appointment; intervention being in subordination to and in recognition of propriety of main proceedings (3 Comp. Laws 1929, § 14019).

5. SAME—JUDGMENT CREDITOR'S BILL—JURISDICTION—FOREIGN COR-
PORATION—ASSETS.

Judgment creditor's bill filed in circuit court for appointment of
receiver to take over assets of foreign corporation, alleging it
to be insolvent and in hands of receiver in its home State, and
that it had assets in State of Michigan, *held*, to confer juris-
diction on court and to present case for appointment of re-
ceiver.

6. SAME—LIENS—INSOLVENCY.

Where, in response to filing of judgment creditor's bill, receiver
was appointed to take over assets of insolvent foreign corpora-
tion in this State, lien was created in favor of judgment cred-
itor on debtor's property in this State.

7. SAME—DEBTOR'S PROPERTY IN CUSTODY OF COURT.

From time receiver was appointed to take over assets of insol-
vent foreign corporation in this State, in response to filing
of judgment creditor's bill, property of debtor in this State
was *in custodia legis,* and court had power to preserve it to
satisfy said judgment.

8. SAME—COURTS—JURISDICTION.

Where, at time circuit court appointed receiver to take over
assets of insolvent foreign corporation in this State, said
assets were already in custody of circuit court of another
county, order appointing said receiver was invalid.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted January 18, 1933. (Docket No. 29, Calendar
No. 36,890.) Decided April 4, 1933. Rehearing de-
nied May 16, 1933.

Bill by Charles D. Livingston, commissioner of
insurance, against Southern Surety Company of
New York, a New York corporation, for appoint-
ment of receiver for Michigan assets. Equitable
Trust Company, a Michigan corporation, receiver
of defendant by appointment of Wayne circuit
court, intervened. From order appointing a deputy
commissioner of insurance as receiver, intervener
appeals. Reversed, and order vacated.

*Patrick H. O'Brien,* Attorney General, *Sid A. Erwin* and *Charles F. Cummins,* Assistants Attorney General, and *Clark C. Coulter,* for plaintiff.

*Wm. Henry Gallagher,* for intervener.

McDONALD, C. J. On March 25, 1932, Bertha B. Cleavenger filed a judgment creditor's bill in the Wayne circuit court against the Southern Surety Company of New York, in which she alleged that the company was insolvent, and that, on application of the superintendent of insurance in the State of New York, a receiver had been appointed in that State to take over and administer its assets. She also alleged that the company had assets and property within the State of Michigan, and for the benefit of herself and other creditors prayed for the appointment of a receiver to take over such property and assets, to sell the same and apply the proceeds in satisfaction of her judgment. There was no service of process on the company, though it had maintained an agent in the city of Detroit for that purpose. On March 25, 1932, an *ex parte* order was entered in the Wayne circuit court appointing Charles F. Becker receiver. On March 26, 1932, Charles D. Livingston, insurance commissioner for the State of Michigan, filed a petition to intervene, and moved to vacate the order appointing Mr. Becker receiver. Before final action was had on his petition, Mr. Livingston filed a bill in the Ingham county circuit court for the appointment of a receiver, and in compliance therewith an order was entered appointing Ralph M. Wade receiver to take possession of the business and assets of the insolvent company within the State of Michigan for the purpose of administering and liquidating the same under direction of the commissioner of insur-

ance.  Mr. Wade is a deputy commissioner.  He qualified as receiver on the 29th day of March, 1932, and is in possession of the property and assets of the company.  On the same day, but subsequent to the appointment and qualification of Mr. Wade, the Wayne circuit court in the suit of Bertha B. Cleavenger appointed the Equitable Trust Company of Detroit receiver in the place of Mr. Becker.  The Equitable Trust Company promptly qualified, and thereupon filed a petition in the Ingham circuit court to vacate the appointment of Mr. Wade.  From an order denying the prayer of its petition, the Equitable Trust Company is prosecuting this appeal.

The question is whether, in view of the proceedings in the Wayne circuit court, the circuit court of Ingham county had jurisdiction to appoint a receiver.

It is first claimed by the plaintiff that the action of the Wayne circuit court appointing a receiver was an absolute nullity because there was no service of process upon the surety company.  This claim has no merit.  The surety company was a foreign corporation, and there was no one upon whom service could be made.  It is true that the company had maintained an agent in the city of Detroit for that purpose, but when the bill was filed in the Wayne circuit the company was not in existence.  It had been dissolved by the New York court.  With its dissolution passed the agency of its Detroit representative.  *U. S. Truck Co.* v. *Pennsylvania Surety Corp.*, 259 Mich. 422.

But the right of a court of equity to appoint a receiver *ex parte* is an inherent part of its equity powers.  It is entirely a matter of judicial discretion.  *Tuller* v. *Wayne Circuit Judge*, 243 Mich. 239.

The right to appoint was not questioned in the Wayne circuit court suit.  The day following the

appointment, the insurance commissioner of Michigan filed a petition to intervene. Intervention was granted. The statute (3 Comp. Laws 1929, § 14019), requires that the intervention "shall be in subordination to, and in recognition of, the propriety of the main proceedings." As was said by this court in *Michigan Trust Co.* v. *National Bank of Ionia,* 241 Mich. 146, "The intervener takes the case as he finds it." Having submitted himself by intervention to the jurisdiction of the court, he cannot question the validity of the appointment.

The Wayne circuit court had jurisdiction of the action. The bill presented a case for the appointment of a receiver. It alleged that the plaintiff was a judgment creditor, that the surety company was insolvent and in the hands of a receiver in New York State, and that it had property and assets within the State of Michigan. When the receiver was appointed, a lien was created in favor of the judgment creditor on the debtor's property in this State. *Saginaw County Savings Bank* v. *Duffield,* 157 Mich. 522 (133 Am. St. Rep. 354); *German American Seminary* v. *Saenger,* 66 Mich. 249; *Beith* v. *Porter,* 119 Mich. 365 (75 Am. St. Rep. 402).

The appointment of Mr. Becker, on March 25, 1932, by the Wayne circuit court, was valid. On March 29, 1932, the court vacated this order of appointment and appointed the Equitable Trust Company of Detroit. Mr. Becker was an officer of the court. From the moment of his appointment the property of the insolvent debtor in the State of Michigan was *in custodia legis,* and the court had the power to preserve it to satisfy the plaintiff's judgment.

So that when the circuit court of Ingham county subsequently appointed a receiver, the property in-

volved was in the custody of another court of competent jurisdiction, and was subject to the lien of the judgment creditor.  The Ingham county circuit court was without jurisdiction, and its order appointing a receiver must be held to be invalid.

If the Michigan insurance commissioner has interests which he desires to protect, he may do so in the Wayne circuit court suit according to the practice indicated in *Michigan Trust Co.* v. *National Bank of Ionia, supra.*

A decree will be entered vacating the order of the Ingham county circuit court.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.