In Allen & Co. v. Ferguson, 18 Wall. 1, 85 U.S. 1, 21 L.Ed. 854, the rule is stated and illustrated thus: ·

"The promise by which a debt discharged in bankruptcy is revived must be clear, distinct and unequivocal.

"A promise inferred from the following words in the letter of the defendant, 'Be satisfied; I intend to pay all my just debts; all will be right betwixt me and my just creditors,' is not a promise to pay plain-tiff's debt."

Our conclusion is that the judgment ap-pealed from is correct.

The judgment is affirmed.

21 So.2d 490

## OWENS et al. v. ALLIED UNDER-WRITERS.

No. 37496.

Feb. 19, 1945.

Taylor, Porter, Brooks & Fuller, of Baton Rouge (Guy E. Williams, of Little Rock, Ark., and W. G. Randolph and Ada Mott, both of Baton Rouge, of counsel), for appellants.

Wilson & Abramson, of Shreveport, for appellee.

PONDER, Justice.

Golden Owens, administrator of the estate of Fannie E. Owens et al., brought suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, on August 23, 1943, against Allied Underwriters for the recognition of a judgment they had obtained against the defendant in the United States District Court for the Eastern District of Arkansas, Western Division, calling for the amount of $10,000 with interest and costs. The plaintiffs asked for and obtained the issuance of a writ of attachment. Garnishment proceedings were issued to the State Treasurer with the view of attaching a cashier's check calling for $20,000 which had been deposited by the defendant for the privilege of doing insurance business in the State of Louisiana. The plaintiffs prayed for the recognition of a lien and privilege by virtue of the attachment and payment by privilege and priority out of the proceeds of the check over all other creditors.

The defendant, Allied Underwriters, an insurance company organized under the laws of the State of Texas, was placed in receivership in the State of Texas on August 17, 1943, prior to the institution of this suit. At the time this suit was filed, no receivership proceedings had been instituted in the State of Louisiana. However, a short time thereafter, September 7, 1943, a receiver was appointed by the Nineteenth Judicial District Court for the Parish of East Baton Rouge for the purpose of liquidating claims of citizens of Louisiana.

The Louisiana receiver, the Secretary of State and the State Treasurer interposed exceptions of no cause and no right of action to the plaintiffs' suit. They answered and asked for the dissolution of the attachment and the dismissal of plaintiffs' suit. On trial of the exceptions, the attachment was dissolved, and the plaintiffs' suit was dismissed with the reservation of plaintiffs' right to proceed against the defendant through the Louisiana receiver. The plaintiffs have appealed.

The cashier's check involved herein was deposited with the Treasurer of the State of Louisiana on March 30, 1940, allegedly to comply with the provisions of Act 158 of 1932 to protect the creditors of the defendant in this State. The defendant was then engaged in writing certain forms of insurance in Louisiana.

From the evidence, it appears that the defendant corporation was authorized to do business in this State until its certificate expired on March 31, 1942, and that since that time the defendant has not been authorized or licensed to do business in the State.

The exceptions and the motion to dissolve are based on the grounds that the appointment of the receiver in the State of Texas dissolved the defendant corporation, and any proceedings instituted against

the insolvent corporation are null; that plaintiffs can only assert their rights in the receivership proceedings; that the Treasurer and Secretary of State are not subject to garnishment; that the appointment of the Secretary of State as agent for service of process by the defendant precludes the right of plaintiffs to an attachment; and that the deposit in the hands of the State Treasurer is restricted to claims arising and accruing by virtue of policies of insurance issued by the defendant upon the lives of persons or citizens of this State or upon property situated in this State.

The appellants contend that they have a right to proceed against the insolvent corporation under the holdings in the cases of Federico Macaroni Mfg. Co. v. Great Western Fire Ins. Co., 173 La. 905, 139 So. 1, 79 A.L.R. 1256, and Lichtenstein Bros. & Co. v. Gillett, 37 La.Ann. 522.

It is agreed in the stipulation of facts that the Allied Underwriters was sent into receivership in the State of Texas, and a receiver was appointed for the purpose of liquidating the corporation prior to the institution of this suit. The appellants do not dispute the fact that this operates as a dissolution of the corporation, but contend that the judgment dissolving the corporation in the State of Texas cannot be given extraterritorial effect.

■ At the time this suit was brought, the corporation had no legal existence. Such being the case, this suit could not be successfully instituted against a nonexisting corporation, and no action could be thereafter maintained against it. The dis-

solution of the corporation, under the insurance laws of Texas at the domicile of the corporation in that state, brought about the civil death of the corporation, and it no longer had the capacity to be sued. Pleasant H. Pendleton v. Charles H. Russell, Receiver of the Knickerbocker Life Insurance Co., 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574; Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634; Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669; Chicago Title & Trust Co. v. Forty-One Thirty Six Wilcox Bldg. Corporation, 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147; Walling, Administrator of Wage and Hour Division, U. S. Dept. of Labor v. James Reuter, 321 U.S. 671, 64 S.Ct. 826, 88 L.Ed. 1001; National Surety Co. of New York v. Cobb, 5 Cir., 66 F.2d 323; United States v. Leche, D.C., 44 F.Supp. 765; Germain Musson v. Henry D. Richardson, 11 Rob. 37; Michel v. Southern Ins. Co., 128 La. 569, 54 So. 1012; McCoy v. State Line Oil & Gas Co., Inc., 180 La. 579, 157 So. 116; Cognovich v. Sun Indemnity Co. of N. Y., 176 La. 373, 145 So. 774; Tangipahoa Bank & Trust Co. v. Guwang, La.App., 15 So.2d 148; Levy v. Union Indemnity Co., La.App., 146 So. 182; U. S. Truck Co. v. Pennsylvania Surety Corporation, 259 Mich. 422, 243 N.W. 311; Livingston, Insurance Com'r v. Southern Surety Co. of N. Y., 262 Mich. 438, 247 N.W. 712; McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125; Turner v. Browne, 351 Mo. 541, 173 S.W.2d 868; 97 A.L.R. 477.

The effect of the dissolution of a corporation at its domicile is discussed at

length in many of the cases cited herein. We quote from the following decisions:

"Looking at the judgment of the circuit court of the United States, we are satisfied that the ruling of the court of appeals was correct. That judgment purports to be against the insurance company, but that company, at the time, had no legal existence. It had been dissolved, and its franchises, rights, and privileges declared forfeited, by a decree of the supreme court of New York, in a proceeding brought by the attorney general of the state, in the name of the people, and a receiver appointed of the effects of the corporation. The judgment was therefore no more valid against a nonexisting corporation than it would have been if rendered for a like amount against a dead man. The receiver was not substituted in the place of the dissolved corporation. No process or citation was issued by that court to bring him before it, or any proceeding taken for that purpose. Nor would such a proceeding have any effect, for, the corporation having expired, the suit itself had abated. It ceased to be a pending suit; and, if it were otherwise, the receiver could not take charge of any proceeding in a foreign jurisdiction by commencing an action, or defending an existing action, without the express authority of the court, whose officer he was, so as to bind any property or effects in his hands as receiver. Booth v. Clark, 17 How. 322 [58 U.S. 322, 15 L.Ed. 164]; Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773 [35 L.Ed. 464]." Pleasant H. Pendleton v. Charles H. Russell, supra [144 U.S. 640, 12 S.Ct. 745].

"There is no specific provision in our rules for the substitution as a party litigant of a successor to a dissolved corporation. It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect. * * * It follows, therefore, that as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation pro hac vice. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being." Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 392, 71 L.Ed. 634.

"The decisions of this court are all to the effect that a private corporation in this country can exist only under the express law of the state or sovereignty by which it was created. Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for

the prolongation of its life, even for litigation purposes. * * *

"How long and upon what terms a state-created corporation may continue to exist is a matter exclusively of state power. Horn Silver Mining Co. v. New York, 143 U.S. 305, 312, 313, 12 S.Ct. 403, 36 L.Ed. 164; Ashley v. Ryan, 153 U.S. 436, 441, 443, 14 S.Ct. 865, 38 L.Ed. 773; New Jersey v. Anderson, 203 U.S. 483, 493, 27 S. Ct. 137, 51 L.Ed. 284. The circumstances under which the power shall be exercised and the extent to which it shall be carried are matters of state policy, to be decided by the state Legislature. There is nothing in the Federal Constitution which operates to restrain a state from terminating absolutely and unconditionally the existence of a state-created corporation, if that be authorized by the statute under which the corporation has been organized. And it hardly will be claimed that the federal government may breathe life into a corporate entity thus put to death by the state in the lawful exercise of its sovereign authority." Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corporation, supra [302 U.S. 120, 58 S.Ct. 127].

"It is true that this Court cannot, in the present state of the record, render an effective judgment on the merits, because the sole respondent brought before us by the petition for certiorari, by reason of its dissolution, no longer has capacity to be sued, and no one has sought to procure substitution of any other person as party respondent.

"Such is the effect of dissolution under the Louisiana law. * * *" Walling v. James V. Reuter, supra [321 U.S. 671, 64 S.Ct. 828].

"We think it equally clear that dissolution under the insurance laws brings about the civil death of the corporation, and that suits thereafter brought and judgments thereafter obtained upon service on statutory agents designated in other states are nullities. No New York case deciding the precise question has been called to our attention; we have found none. We have, however, found cases from other states which support the view we take. In Martyne v. Am. Fire Ins. Co., supra [216 N.Y. 183, 110 N.E. 502] it is said that the insurance laws of New York are substantially the same as those of Pennsylvania. In U. S. Truck Co. v. Pa. Surety Co., 259 Mich. 422, 243 N.W. 311, 312, the Supreme Court of Michigan held that after the dissolution of an insurance company in Pennsylvania and the appointment of the superintendent of insurance as statutory liquidator an insurance suit could not be brought in personam against the dissolved corporation in Michigan by service on the commissioner. It was there said: 'Dissolution of a corporation is governed by the laws of the state of its charter. * * * Full faith and credit must be given the decree of the court of common pleas in the respects: (a) That defendant corporation was dissolved by the decree; and (b) that the insurance commissioner of Pennsylvania took and holds title to the corporate property, not as an ordinary receiver, but as a quasi assignee of the corporation by force of statute, entitled of right to defend or sue in its stead in actions in other states.'

"The Supreme Court of Pennsylvania, in Burns v. Niagara Life Ins. Co., 279 Pa. 453, 124 A. 128, in passing upon an effort to sue in Pennsylvania by serving the commissioner there, an insurance company which had been dissolved in New York, held that the suit would not lie. There the court directly decided the question presented here. It held that where a decree of a New York court provided that the defendant corporation was dissolved and its charter forfeited and annulled, thereafter service on the insurance commissioner of Pennsylvania was invalid; the life of the corporation having ceased as of the date of the dissolution decree." National Surety Co. of New York v. Cobb, supra [66 F.2d 325].

"It is well settled at common law and in the federal courts that a corporation which has been dissolved is as if it did not exist. The result of dissolution cannot be distinguished from the death of a natural person in its effect. As the death of a natural person abates all pending litigation to which he is a party, dissolution of a corporation at common law abates all litigation to which the corporation is a party, unless it is continued by the law of the state where it is dissolved for the purpose of prosecuting or defending civil suits or criminal actions. Thus the question, as to whether a corporation is continued for the purpose of prosecuting or defending civil suits or criminal actions, depends upon the law of the state of its incorporation. * *

"If the statutes of the state where the corporation is incorporated and dissolved do not give authority to maintain such a prosecution, it does not exist." United States v. Safeway Stores, Inc. (Texas) et al [10 Cir.] 140 F.2d 834, 836.

"* * * It is true that the company had maintained an agent in the city of Detroit for that purpose, but when the bill was filed in the Wayne circuit the company was not in existence. It had been dissolved by the New York court. With its dissolution passed the agency of its Detroit representative. * * *" Livingston, Insurance Commissioner, v. Southern Surety Co. of New York, supra [262 Mich. 438, 247 N.W. 713].

"Dissolution of a corporation is governed by the laws of the state of its charter. Mills v. Anderson, 238 Mich. 643, 214 N.W. 221. The foreign laws need not be formally introduced in evidence. C.L.1929, § 14179. Full faith and credit must be given the decree of the court of common pleas in the respects: (a) That defendant corporation was dissolved by the decree; and (b) that the insurance commissioner of Pennsylvania took and holds title to the corporate property, not as an ordinary receiver, but as a quasi assignee of the corporation by force of statute, entitled of right to defend or sue in its stead in actions in other states. * * *

"But state laws do not have extraterritorial force. Rights and remedies of property are governed by laws of the state in which it is situate. The statutory assignment will be given force in other states but on the ground of comity, not by constitutional mandate. * * *" U. S. Truck Co. v. Pennsylvania Surety Corporation, supra [259 Mich. 422, 243 N.W. 312].

The Federico case, supra, does not in any way conflict with the views herein expressed. The question presented to the court in that case was whether a surety on a defunct corporation's bond could be held liable for the corporation's obligation. The bond was given in pursuance to Act 172 of 1908 which required insurance companies to post a bond in the sum of $20,000 with the State Treasurer conditioned for the prompt payment of all claims accruing to any person during the term of the bond by virtue of any policy issued by the corporation upon the life or person of any citizen of the state or upon any property situated in the state. Although Act 172 of 1908 has been repealed by Act 158 of 1932, the repealing act virtually re-enacts the provisions of that statute. We observed in the Federico case that the general rule that a judicial decree appointing a receiver terminated the outstanding policies was not applicable to the surety on the bond given in pursuance to the statute.

The receiver in the Lichtenstein Brothers case, supra, was appointed under a creditors' bill by a chancery court in Georgia. There is a vast distinction between a receiver appointed under a creditors' bill and one appointed under a statute of the nature involved herein. In that case, we quoted from Booth v. Clark, 17 How. 322, 338, 15 L.Ed. 164, wherein the nature and authority of a receiver appointed under a creditors' bill was discussed as follows:

"A receiver is appointed under a creditor's bill for one or more creditors, as the case may be, for their benefit, to the exclusion of all other creditors of the debtor, if there be any such, as there are in this case. * * * He has no extraterritorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek."

■ In the present case, the dissolution of the corporation is governed by the laws of the state of its charter. The corporation, during its life, existed only under the express law of the state under which it was created, namely Texas, and the state which created the corporation had the right to terminate its existence. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corporation, supra. Since the life of the corporation has been terminated under the laws of Texas, it no longer has the capacity to be sued in Louisiana.

The case of Item Co., Limited v. Nu-Grape Bottling Co., Inc., 160 La. 975, 107 So. 770, is not pertinent for the reason that the judgment had become final, and the sheriff had taken over possession of the property for sale prior to the receivership.

■ Moreover, if extraterritorial effect were not given to the Texas judgment dissolving the corporation, the moment the Louisiana receiver was appointed, the existence of the corporation would undoubtedly terminate under the laws of this State. The corporation having expired, the suit itself

would abate. Musson v. Henry D. Richardson, supra; Michel v. So. Ins. Co., supra.

The facts in the present case are almost identical with those of the Cognovich case, supra. In that case, the plaintiffs, who held a judgment against the Federal Surety Company, an insolvent foreign corporation doing business in this State, sued the Sun Indemnity Company of New York as surety on the qualifying bond of the Federal Surety Company. Soon after the receiver was appointed, the suit was transferred to be disposed of in the receivership proceedings. The matter was brought to us by way of certiorari and petition of mandamus. The contention was made that Act 227 of 1932 would ·be unconstitutional if given the retroactive effect of depriving plaintiffs of their right to proceed directly against the Sun Indemnity Company, as surety on the Federal Surety Company's bond. We denied the relief prayed for and dismissed the writs, making the following pertinent statement [176 La. 373, 145 So. 775]:

"Act No. 227 of 1932 was intended for a case like this. The object of the act, as expressed in its title, is to authorize the appointment of receivers for foreign insurance companies that have qualified to do business in this state, and have become insolvent, or have had receivers or liquidators appointed for them elsewhere; to authorize such local receivers to collect all of the assets of such insolvent insurance companies in this state, including deposits with the state treasurer, and to proceed against the surety or sureties on the bond or bonds filed by such insurance companies with the secretary of state, for the privilege of doing business in this state; to authorize such receivers to have determined and ranked all claims against such insurance companies and the sureties on their bonds; and to provide for process in such cases, and the trial thereof."

The defendant in the present suit no· longer has the capacity to be sued, and no one herein is seeking to substitute any other person in its place. Under such circumstances, the lower court properly dismissed plaintiffs' suit. Any judgment rendered under the proceedings against the defunct corporation would be null. Musson v. Henry D. Richardson, supra; Michel v. So. Ins. Co., supra; Levy v. Union Indemnity Co., supra; Pleasant H. Pendleton v. Charles H. Russell, supra; Oklahoma Natural Gas Co. v. State of Oklahoma, supra; Chicago Title & Trust Co. v. Forty-One Thirty Six Wilcox Bldg. Corporation, supra.

The plaintiff has attacked the other grounds urged by the defendant on its motion to dissolve and exceptions. It would serve no useful purpose to go into those matters for the reason that our conclusions dispose of the case.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.