In re Gregory L. GOSNICK, Debtor.

No. GT 08–05538.

United States Bankruptcy Court,
W.D. Michigan.

Dec. 17, 2008.

James W. Boyd, Esq., Traverse City, MI, Chapter 7 Trustee.

Susan Jill Rice, Esq., Traverse City, MI, attorney for Palm South Development, L.L.C.

Wallace H. Tuttle, Esq., Traverse City, MI, attorney for the Debtor.

### OPINION REGARDING OBJECTION TO CLAIMED EXEMPTION OF REAL PROPERTY IN ALABAMA

JAMES D. GREGG, Chief Judge.

■ This court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. The bankruptcy case and all related matters have been referred to this court for decision. 28 U.S.C. § 157(a) and LR. 83.2(a) (W.D.Mich.). This matter is before the court upon the objection of the Chapter 7 Trustee to a certain exemption claimed by the Debtor, Gregory L. Gosnick (hereinafter "Debtor"). This a core proceeding because it involves administration of an asset of the bankruptcy estate. 28 U.S.C. § 157(b)(2)(A) and (O).

## I. FACTS

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, on June 25, 2008. Prior to his bankruptcy, the Debtor and his non-debtor wife, Heatherlee Yorty–Gosnick, purchased a parcel of real property in Orange Beach, Alabama (hereinafter the "Alabama Real Estate"), taking title as "joint tenants" by deed dated April 3, 2001. The Debtor and his wife continue to hold title to the Alabama Real Estate.

In completing his bankruptcy schedules, the Debtor, in Schedule A, described his interest in the Alabama Real Estate as "tenancy by the entirety w/non-filing spouse." In Schedule C, the Debtor claimed the exemptions under 11 U.S.C. § 522(b)(3) and specifically claimed exemption of the Alabama Real Estate under Mich. Comp. Laws Ann. § 600.6023a and/or Mich. Comp. Laws Ann. § 600.5451(1)(o). The Trustee and a creditor, Palm South Development, L.L.C., filed objections to that exemption claim, asserting that the Michigan exemption statutes cited by the Debtor are inapplicable and cannot be used to protect the Debtor's interest in the Alabama Real Estate.

## II. ISSUE

May the Debtor use the statutes of the State of Michigan relating to a "tenancy by the entirety" to exempt real estate located in Alabama?

## III. DISCUSSION

A. *Applicability of Michigan Laws to Real Property Located in Another State.*

■ Michigan courts, for almost one hundred years, have held that its laws do not have extraterritorial application to real property located in another state. In *Fuller v. McKim,* 187 Mich. 667, 154 N.W.

55, 58 (1915), the Michigan Supreme Court stated:

> Title to real estate can only be acquired or lost agreeably to the law of the place where the same is situated. The tenure, mode of enjoyment, transfer, and descent of real property is regulated by the *lex loci ret sitae.*

In *U.S. Truck Co. v. Pennsylvania Sur. Corp.,* 259 Mich. 422, 243 N.W. 311, 312 (1932), the Michigan Supreme Court reiterated its position stating:

> But state laws do not have extraterritorial force. Rights and remedies of property are governed by laws of the state in which it is situate.

Likewise, the Sixth Circuit Court of Appeals, applying Michigan law, refused to apply out of state law to property located in Michigan "because Michigan courts follow the principle of *lex loci rei sitae* and apply the law of the state in which the property in dispute is situated...." *Timber–Lee Evangelical Free Church Christian Ctr. v. Baraga County Road Commission,* 1998 WL 228044 (6th Cir.1998).

The case of *In re Nelms,* 2005 WL 318802 (Bankr.E.D.Mich. Feb.4, 2005) (Shefferly, J.) presented the question of whether a Michigan debtor could exempt real property located in Louisiana through application of the Michigan entirety statutes relied upon by the Debtor here. That court declined to apply the Michigan statutes to the claimed exemption of the Louisiana property, stating as follows:

> [T]he law of the Debtor's domicile is Michigan and Michigan law provides that the law of the state in which the real property is located governs the rights and interests in that real property. In this case, that state is Louisiana.

*In re Nelms,* 2005 WL 318802 at *3.

The Michigan exemption statutes relied upon by the Debtor have no extraterritorial effect. Debtor's claim of exemption relying on Michigan statutes is unavailing and the objection to the claimed exemption is upheld.

B. *The Debtor Did Not Take Title as a Tenant By The Entirety.*

Both statutes relied upon by the Debtor, Mich. Comp. Laws Ann. § 600.6023a and Mich. Comp. Laws Ann. § 600.5451(1)(*o*), limit their application to property "held jointly by husband and wife *as a tenancy by the entirety* ...." The warranty deed by which the Debtor and his wife took title is specific in stating they did so as "joint tenants." There was no attempt to create a "tenancy by the entirety." A tenancy by the entirety does not exist regarding the Alabama Real Estate.

## IV. CONCLUSION

For the reasons noted above, the Debtor's interest in the Alabama Real Estate is not exempt under either Mich. Comp. Laws Ann. § 600.6023a or Mich. Comp. Laws Ann. § 600.5451(1)(*o*). An order shall be entered accordingly.