SACK, Judge.
This is an interlocutory appeal by appellants, Air Control Products, Inc., and Paul R. Stern, Trustee, (defendants below) from an order of the Circuit Court denying said defendants’ motion to dismiss for want of prosecution.
No oral argument was requested, and none of the appellees have favored us with a brief, although the time for filing a brief was once extended.
The facts involved in this controversy are fully set forth in Stern v. Perma-Stress, Inc., 134 So.2d 509 (Fla.App.1961)., Since the events set out in that opinion only the following matters have occurred:
(a) The United States of America became a party by reason of a lien which it claimed upon the property.
(b) On July 15, 1964, the lower court authorized substitution of a personal representative for a party who had become deceased.
(c) On July 28, 1964, a suggestion of the dissolution of the defendant, Masterbilt Contractors, Inc., was filed showing the dissolution of said corporation on May 24, 1963.
(d) On July 31, 1964, the personal representative of the deceased individual defendant filed a motion to dismiss.
(e) An amended order on the substitution of the personal representative was dated as of July 15, 1964, but filed in the clerk’s office on August 3, 1964.
No other proceedings were taken in this matter until the filing of the instant motion to dismiss on August 4, 1965.
The motion to dismiss was heard on August 18, 1965, and was denied in the following language:
“ * * * it further appearing to the Court that the United States of America is a party defendant to the Cross-claim in this cause and that Statute 45.19 is inapplicable to suits in which the United States. of America is a party, and for other reasons, * *
We find nothing in F.S. § 45.19, F.S.A., as amended, which exempts the United States of America from its operation under conditions where suits, such as this, may be maintained against it. Nor is there any prohibition against the operation of this Statute under 28 U.S.C.A. § 2410, by which the United States submitted itself to the jurisdiction of state courts in cases of this character. See also United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192. We cannot agree,