**William O. BISHOP, Plaintiff,**

v.

**SCHIELD BANTAM COMPANY, Schield Bantam Division, Koehring Company, Koehring Company, V. L. Schield, J. L. Jewell, W. L. Schield, J. H. Boyd, M. C. Hasse, H. L. Leslie, M. A. Miller and H. A. Waldon, Defendants.**

**Civ. No. 67–C–525–EC.**

United States District Court
N. D. Iowa, E. D.

Nov. 1, 1968.

Ralph Gearhart, James Carter, Cedar Rapids, Iowa, for plaintiff.

Ross H. Sidney, Richard R. Chabot, Des Moines, Iowa, for defendants.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants' Motion for Summary Judgment filed March 6, 1968. Hearing was held July 11, 1968.

In this action, commenced October 20, 1967, plaintiff seeks damages for personal injuries allegedly suffered on October 22, 1965, resulting from defendants' breach of warranty and negligent manufacture of a truck crane. Defendant manufacturer Schield Bantam Company, an Iowa corporation, was dissolved February 24, 1964, pursuant to a written contract with defendant Koehring Company to purchase its assets and liabilities.

Defendants primarily contend that no material issue of fact exists and therefore as a matter of law summary judgment should lie for the reason that this action was not commenced within the two-year survival period as required by Iowa Code § 496A.102.[1]

Exhaustive research has failed to disclose construction of this statute by the Iowa Supreme Court. Therefore, it becomes the duty of this court to endeavor to forecast what the Supreme Court of Iowa would declare the law to be were this case before it. Medd v. Westcott, 32 F.R.D. 25 (N.D.Iowa 1963).

Cases construing the Model Act, although sparse, are relevant to the issues presented by this motion. See Bar Committee Source, Iowa Code Ann. § 496.102. In distinguishing the Ohio statute from § 98 of the Model Act it was stated:

"The court has reviewed the statutes of several states treating on this matter of the continued existence of a dissolved corporation for purposes of litigation, and finds that there is a wide range of phraseology therein. Many of the said statutes, however, bear a strong resemblance to section 98 of the Model Business Corporation Act. Section 98, in its pertinent part, provides that dissolution of a corporation shall not take away or impair any remedy available against such corporation for any right or claim existing, or any liability incurred, prior to dissolution. It is, therefore, quite clear that under the Model Business Corporation Act, and those state statutes patterned after it, a corporation may be sued for predissolution torts only." Chadwick v. Air Reduction Company, D.C., 239 F. Supp. 247, 251 (1965).

The accident giving rise to this action occurred October 22, 1965, more than a year and one-half after the dissolution of Schield Bantam Company. Therefore, this subsequently arising action commenced more than three and one-half years after dissolution would appear to be barred by § 98 of the Model Act and thus the Iowa statute absent any contrary meaning imparted to the statute by the addition of the last paragraph. (See fn. 1 supra.)

1. Its pertinent provisions substantially identical with § 98 of the Model Business Corporation Act are:
"The dissolution of a corporation * * * shall not take away or impair any remedy available to or against such corporation. its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution, * * * if action or other proceeding thereon is commenced within two years after the date of such dissolution * * *."
The Iowa legislature supplemented the Model Act by adding:
"A corporation which has been dissolved or the period of duration of which has expired by limitation or otherwise, may nevertheless continue to act for the purpose of conveying title to its property, real and personal, and otherwise winding up its affairs."

■ Plaintiff urges that the added language "otherwise winding up its affairs," includes the defending of actions brought against the corporation. The court is of the view that the Supreme Court of Iowa would not adopt plaintiff's position. Statutes relative to litigation against a dissolved corporation are liberally construed. 16A Fletcher, Cyclopedia of the Law of Private Corporations § 8143 (1962). In the first paragraph of the Iowa statute specific language was provided relative to the problem of the survival of rights or claims against dissolved corporations. See Note, Suits by and Against Dissolved Corporations, 48 Iowa L.Rev. 1006, 1017 (1963). In the light of such specific reference it seems highly untenable that the legislative intent manifest in the inclusion of the last paragraph was such as to allow indefinite continued subjection of the corporation and its officers and directors to litigation. The policies inherent in the dissolution and winding up the affairs of a corporation all dictate to the contrary. See generally Fletcher, Cyclopedia of Private Corporations §§ 8157–58 (1962). There should be a definite point in time at which the existence of a corporation and the transaction of its business are terminated. To allow, as the plaintiff contends, the continued prosecution of lawsuits perverts the definiteness and orderly process of dissolution so as to produce a continuous dribble of business activity contrary to the intent of the winding up provisions of the statute.

A more rational justification for the inclusion of the last paragraph of the Iowa statute would be the facilitation of the transfer of title to both real and personal property in the event that such problems were discovered years after dissolution. Cossen, The Iowa Business Corporation Act, 45 Iowa L.Rev. 12, 25 (1959); 48 Iowa L.Rev. supra at 1017. The legislature's use of the permissive, "may * * * act," rather than the mandatory, "shall" as provided in the first paragraph lends further support to this position.

■ The court may grant partial summary judgment as to individual defendants. 3 Barron & Holtzoff § 1241 (1958). For the above reasons, the court is of the view that partial summary judgment in favor of defendant Schield Bantam Company and its corporate officers and directors should be granted.

■ As to defendants' further contentions that defendants had no duty to plaintiff as a matter of law, the breach of warranty claim is barred by the statute of limitations of Iowa Code § 614.1, failure to notify defendant of breach of warranty and lack of control renders the doctrine of res ipsa loquitor inapplicable, the court is of the view that the rendition of summary judgment is dispositive of these contentions as to the above defendants Schield Bantam Company and its corporate officers and directors. As to the remaining defendants the court is of the view that these contentions are not well taken for the reason that material issues of fact remain. 3 Barron & Holtzoff § 1234 (1958).

It is therefore

Ordered

1. That defendants' Motion for Summary Judgment is granted as to defendants Schield Bantam Company; V. L. Schield, J. L. Jewell and W. L. Schield, officers of Schield Bantam Company; and J. H. Boyd, M. C. Hasse, H. L. Leslie, M. A. Miller and H. A. Waldon, directors of Schield Bantam Company.

2. That plaintiff recover nothing by his suit against the above named defendants and said defendants recover their costs and charges expended in this behalf.

3. Defendants' Motion for Summary Judgment as to Schield Bantam Division, Koehring Company and Koehring Company is denied.