Mark GASSERT, a minor, by Howard Gassert, individually, and as father and natural guardian of Mark Gassert, Plaintiffs,

v.

COMMERCIAL MECHANISMS, INC., et al., Defendants,

Dudley Sports Company, etc., et al., Defendants,

Independent School District No. 97 of Minnesota, Defendant.

No. 49126.

Supreme Court of Minnesota.

March 23, 1979.

As Corrected on Denial of Rehearing April 12, 1979.

Courtney, Gruesen & Petersen and Craig A. Merrill, Duluth, for plaintiff.

Hanft, Fride, O'Brien & Harries, John D. Kelly and Tyrone P. Bujold, Duluth, for Commercial Mechanisms, Inc.

Joyce & McHaffie and Richard T. McHaffie, St. Paul, for Dudley Sports Co., et al.

Halverson, Watters, Bye & Downs, Ltd. and Steven L. Reyelts, Duluth, for Ind. Sch. Dist. No. 97.

Heard before SHERAN, C. J., SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Plaintiff Howard Gassert brought suit for injuries sustained by his son when struck by a pitching machine manufactured by defendant Commercial Mechanisms, Inc. (CMI). CMI moved for summary judgment in Carlton County District Court on the ground that, as a defunct Missouri corporation, it was not capable of being sued for injuries occurring after it had dissolved. The trial court denied the motion but certified to this court the following question:

"Can plaintiff maintain a suit for personal injury against a dissolved Missouri corporation on a cause of action arising subsequent to the issuance of a certificate of dissolution when suit is commenced within the two year Missouri survival statute (Missouri Stat.Ann. 351.565)?"

We affirm.

The material facts pertinent to the summary judgment motion are not in dispute. Defendant CMI, a Missouri corporation, was engaged in the manufacture and sale of automatic baseball pitching machines between October 1962 and December 1975. The sole shareholder of defendant CMI was defendant Advance Machine Co., Inc. A Certificate of Dissolution for defendant CMI was issued by the Secretary of State of Missouri on December 29, 1975.

Defendant Dudley Sports Co., Inc., a Delaware corporation, bought pitching machines from defendant CMI for distribution and resale to retailers and ultimate users and consumers in various states, including Minnesota. In 1969, defendant Dudley Sports Co., Inc. became a wholly owned subsidiary of defendant Athlone Industries, Inc.

In 1963, a Dudley Automatic Baseball Pitching Machine was sold directly or through defendant John Doe, an unknown person, company, or corporation, and the machine was in the custody of defendant Moose Lake Public School District No. 97. On August 3, 1977, this machine was left unguarded and unattended. Plaintiff Mark Gassert was severely and permanently injured as a result of receiving a blow to the head from the pitching arm of the machine. This lawsuit followed.

We have held that the law of the state of incorporation applies to a dissolved corporation. *Kratky v. Andrews,* 224 Minn. 386, 28 N.W.2d 624 (1947). Since it is undisputed that CMI is a Missouri corporation, the Missouri survival statute applies. There are, however, no cases construing the Missouri statute on this issue, and few cases construing similar statutes. This being a case of first impression under Missouri law, as well as under Minnesota law, we are free to adopt our own interpretation of the Missouri statute.

The Missouri survival statute provides:

"The dissolution of a corporation either by the issuance of a certificate of dissolution by the secretary of state, or by the decree of a court of equity, when the court has not liquidated the assets and business of the corporation, or by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within two years after the filing of the articles of dissolution in the office of the secretary of state, or at any time prior to the filing of articles of liquidation in the office of the secretary of state, whichever date is later, or within two years after the expiration of the period of the corporation's duration, or if commenced at any time prior to the entry of a final decree of dissolution by a court of equity. Any such suit or proceedings by or against the corporation may be prosecuted or defended by the corporation in its corporate name." Mo.Ann.Stat. § 351.565 (Vernon).

This statute is a very similar to, although not identical to, § 105 of the Model Business Corporation Act. In the few cases construing other statutes patterned on the Model

Act, courts have indicated in dicta that such statutes preclude suits for "post-dissolution" claims. See, *Bishop v. Schield Bantam Co.,* 293 F.Supp. 94 (N.D.Iowa 1968); *Chadwick v. Air Reduction Co.,* 239 F.Supp. 247 (N.D.Ohio 1965); *Bazan v. Kux Machine Co.,* 52 Wis.2d 325, 190 N.W.2d 521 (1971).

■ The Missouri statute on its face appears to preclude all claims arising subsequent to dissolution. The statute, however, like many survival statutes, does not specifically preclude, nor does it even address, suits on claims arising subsequent to dissolution but brought within the two-year statutory period. Commentators Henn and Alexander, in their article, "Effect of Corporation Dissolution on Products Liability Claims," 56 Corn.L.Rev. 865, 902 (1971), in reference to recent cases considering post-dissolution claims state:

> "A literal reading of the Model Act, the dictum in the *Chadwick* case and the holding in the *Bishop* case indicate that a dissolved corporation cannot be sued on post-dissolution claims, *with the possible exception of post-dissolution claims arising during the two-year period following dissolution if suit is commenced within such two-year period.*" (Emphasis added.)

This position is consistent with the purpose of the survival statutes, which is to obviate the harshness of the common law rule that all actions against corporations abate upon dissolution. See, *Bruun v. Katz Drug Co.,* 351 Mo. 731, 173 S.W.2d 906 (1943). Despite defendants' contention that survival statutes are in derogation of the common law and thus to be strictly construed, we believe such statutes are basically remedial in nature and therefore to be liberally construed. See, *Chadwick v. Air Reduction Co., supra.*

■ We note that the purpose of both the common law rule and the survival statutes is to provide a definite point in time at which the existence of a corporation and the transaction of its business would be terminated. See, *Bishop v. Schield Bantam Co., supra.* It would not affect the purpose of the statute nor do violence to our princi-ples of statutory construction to permit suit on claims arising either before or after dissolution where the suit is brought within the two-year survival period, particularly where, as here, the acts of the corporation which gave rise to the alleged liability occurred prior to dissolution. We interpret the Missouri survival statute to permit suit on such post-dissolution claims.

Affirmed.