# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-00579-SCT

*RANDY WILLIAMS, GARY MATHIS, LARRY
JAMES MITCHELL, RAYFORD JAMES
WILLIAMS, TERRY T. ROBERTS, EARNEST
WEATHERSBY, CHARLES GATLIN, AVA C. FOX,
CURTIS HARVILLE, WILLIE BEN WILLIAMS,
JR., CHESTER GREGORY HOPSON, VINCENT
JEROD HOLLOWAY, JAMES A. GRIGGS,
DEMETRIUS R. GIVENS, WILLIE JAMES
MARSHALL, CURTIS LEE HILL AND LARRY
O'NEAL WILLIAMS*

*v.*

*CLARK SAND COMPANY, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/2014 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| TRIAL COURT ATTORNEYS: | FRED KRUTZ, III |
| | DANIEL J. MULHOLLAND |
| | COLLEEN S. WELCH |
| | JOHN T. GIVENS |
| | R. ALLEN SMITH, JR. |
| | TIMOTHY W. PORTER |
| | PATRICK MALOUF |
| | EDWIN S. GAULT, JR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID NEIL McCARTY |
| | R. ALLEN SMITH, JR. |
| | TIMOTHY W. PORTER |
| | PATRICK MALOUF |
| | JOHN T. GIVENS |
| ATTORNEYS FOR APPELLEE: | FRED KRUTZ, III |
| | DANIEL J. MULHOLLAND |
| | COLLEEN S. WELCH |
| | EDWIN S. GAULT, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/01/2015 |

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This is a latent-injury silicosis case filed against a Florida corporation that was dissolved. This appeal presents the questions of whether the Florida corporate-survival statute applies to a Mississippi plaintiff, or whether the discovery rule for latent injuries permits claims to be brought against the foreign corporation after dissolution.

¶2.     At common law, when a corporation dissolved, it no longer existed, and it could not be sued. But because of the harshness of this rule, Florida, like most states, has adopted a corporate-survival statute that allows plaintiffs to bring suit against a Florida corporation for up to four years after dissolution. This rule applies to claims that were unknown to the corporation at the time of dissolution. Here, sixteen plaintiffs sued Clark Sand Company, Inc., a Florida corporation, more than four years after the corporation's dissolution. The circuit court judge therefore sustained Clark Sand's motion for summary judgment. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     On June 9, 2008, Clark Sand, a Florida corporation, filed its Articles of Dissolution and Notice of Corporate Dissolution. The Florida Secretary of State posted the notice of dissolution on its website. At that time, the claims of Randy Williams and the other sixteen plaintiffs in this suit were unknown to Clark Sand. More than four years later, in 2013,

Williams sued Clark Sand in the Circuit Court of Jackson County.[1] In its answer to the complaint, Clark Sand argued the claims were barred under Florida's corporate-survival statute, Florida Statutes Section 607.1407. Subsequently, Clark Sand filed a motion for summary judgment on this ground, which the trial court sustained.

¶4.     Williams now appeals, arguing the trial court erred in granting summary judgment for three reasons. First, Williams claims the Florida law is a statute of limitations, and under the principles of conflicts of law, the Mississippi statute of limitations and discovery rule should apply. Second, if the Court finds the Florida statute to be substantive and not procedural, Mississippi law still should apply because the "center of gravity" of the suit was in Mississippi. And last, Williams claims Clark Sand failed to follow Florida Statutes Section 607.1406 on a number of other occasions, which requires written notice to be sent to known claimants. Therefore Clark Sand should not be allowed to invoke Florida Statute Section 607.1407, which relates to unknown claimants. All plaintiffs in the instant matter are unknown claimants. We restate the issues as follows:

I.      **Whether the Florida corporate-dissolution survival statute is a statute of limitations.**

II.     **Whether the center-of-gravity test applies in this case.**

III.    **Whether Clark Sand's alleged failure to follow Florida law in regard to Section 607.1406 in prior suits affects the current case.**

**DISCUSSION**

---

[1] For convenience we use "Williams" to refer to all seventeen plaintiffs.

¶5.     We review the grant of summary judgment *de novo*. ***MS Comp Choice, SIF v. Clark, Scott & Streetman***, 981 So. 2d 955, 959 (Miss. 2008). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" ***Clark Sand Co. v. Kelly***, 60 So. 3d 149, 154 (Miss. 2011) (quoting Miss. R. Civ. P. 56(c)).

## I.     Whether the Florida corporate-dissolution survival statute is a statute of limitations.

¶6.     The first question before the Court is whether a corporate-survival statute is a statute of limitations. The answer is no. *See* ***Air Control Products, Inc. v. Perma-Stress, Inc.***, 189 So. 2d 412, 414 (Fla. 1st Dist. Ct. App. 1966) (finding predecessor to the statute at issue here was not a statute of limitations); ***Bahl v. Fernandina Contractors, Inc.***, 423 So. 2d 964, 965 (Fla. Dist. Ct. App. 1982); *see also* ***Keefe v. Glasford's Enters., Inc.***, 248 Neb. 64, 68, 532 N.W.2d 626, 629 (1995) (discussing the reasoning for why corporate-survival statutes are not statutes of limitations). This is important here because the statute's nature may raise a conflict-of-laws issue, which we discuss below. Here, the trial court found the survival statute was not a statute of limitations and determined that Florida law applied.

### A. A dissolved corporation cannot be sued.

¶7.     At common law, once a corporation was dissolved, it was dead in the eyes of the law and no claim could be maintained against it. ***Oklahoma Nat. Gas Co. v. State of Oklahoma***, 273 U.S. 257, 259-60, 47 S. Ct. 391, 392, 71 L. Ed. 634 (1927); ***Theta Props. v. Ronci Realty Co.***, 814 A.2d 907, 910, 912 (R.I. 2003) ("Raising the dead to sue them can prove as

4

difficult with dissolved corporations as with other quondam life forms."). To soften this harsh rule, many states have adopted corporate-survival statutes. *Theta Props.*, 814 A.2d at 912; *see also, e.g.,* Miss. Code Ann. § 79-4-14.07 (Rev. 2013) (allowing claims to be brought for three years); Ind. Code Ann. § 23-1-45-7 (allowing claims to be brought for two years). These statutes temporarily extend the life of a corporation for the limited purposes of winding up and allowing parties to bring any claims they may have against the corporation. *See Theta Props.*, 814 A.2d at 912. But once this period ends, the corporation expires and no longer may be sued. *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 129-30, 58 S. Ct. 125, 128, 82 L. Ed. 147 (1937) (providing that, once the prolongation period granted by a corporate survival statute ends, the corporation's powers are terminated "for all time and for all purposes"); *Keefe*, 532 N.W.2d at 629.

¶8.    The Florida statute at issue here is Section 607.1407. This statute, which tracks the Model Business Corporation Act Section 14.07, is a corporate-survival statute and is similar to the statutes adopted in numerous other jurisdictions. *See, e.g.,* Miss. Code Ann. § 79-4-14.07 (Rev. 2013) (identical to the Florida statute, save the time frame to bring suit in Mississippi is three years instead of four); Ga. Code Ann. § 14-2-1407; Mich. Comp. Laws Ann. § 450.1842a; Neb. Rev. Stat. § 21-20,157; Ind. Code Ann. § 23-1-45-7.

¶9.    The question of whether a corporate-survival statute is a statute of limitations has been considered by a number of courts, all of which have concluded that corporate-survival statutes are not statutes of limitation. *See, e.g.*, *OXY USA Inc. v. Quintana Prod. Co.*, 79 So. 3d 366, 382 (La. Ct. App. 2011); *Gomez v. Pasadena Health Care Mgmt., Inc.*, 246 S.W.3d

306, 315-13 (Tex. App. 2008); ***Deere & Co. v. JPS Dev., Inc.***, 264 Ga. App. 672, 673, 592 S.E.2d 175, 177 (2003); ***Theta Props. v. Ronci Realty Co.***, 814 A.2d 907, 910, 912 (R.I. 2003); ***Gilliam v. Hi-Temp Prods. Inc.***, 260 Mich. App. 98, 112, 677 N.W.2d 856, 867 (2003); ***State ex rel. Nat. Super Markets, Inc. v. Sweeney***, 949 S.W.2d 289, 292 (Mo. Ct. App. 1997); ***Keefe v. Glasford's Enters., Inc.***, 248 Neb. 64, 68, 532 N.W.2d 626, 629 (1995); ***Swindle v. Big River Broad. Corp.***, 905 S.W.2d 565, 568 (Tenn. Ct. App. 1995); ***Smith v. Halliburton Co.***, 879 P.2d 1198, 1202-03 (N.M. 1994); ***Indiana Nat'l Bank v. Churchman***, 564 N.E.2d 340, 344 (Ind. Ct. App. 1990); ***Davis v. St. Paul Fire & Marine Ins. Co.***, 727 F. Supp. 549, 551 (D.S.D. 1989); ***Williams v. United States***, 674 F. Supp. 334, 337 (N.D. Fla. 1987) (finding a predecessor statute to Section 607.1407 a survival statute and not a statute of limitations); *see also* ***Gillespie Cmty. Unit Sch. Dist. No. 7 v. Union Pac. R. Co.,*** 2012 WL 7009965 (Ill. App. (4th) April 13, 2012), 2012 IL App (4th) 110142-U, ¶ 85 (not published in N.E.2d); 19 C.J.S. *Corporations* § 953 (2007) (discussing distinction between a survival statute, which extends the time a suit may be brought, and a statute of limitations, which cuts off the time stale during which claims may be pursued). This includes Florida courts finding this statute's predecessor was not a statute of limitations. ***Bahl***, 423 So. 2d at 965 (finding predecessor statute was a "prolongation" statute that continued the corporation's existence); *see also* ***Air Control Prods., Inc. v. Perma-Stress, Inc.***, 189 So. 2d 412, 414 (Fla. 1st Dist. Ct. App. 1966) (finding the statute "continued as a body corporate" in order to satisfy its liabilities); ***Williams v. United States***, 674 F. Supp. 334, 336-37 (N.D. Fla. 1987) (same).

¶10.    Nevertheless, Williams claims the Florida survival statute is indeed a statute of limitations. In support, Williams points to a Senate staff analysis, which refers to the statute as a statute of limitations. Fla. Staff Analysis, S.B. 2718, Apr.16, 2004. Williams also cites dicta in a New York federal district court opinion that referred to the statute's predecessor as a statute of limitations. *See **Idylwoods Assocs. v. Mader Capital, Inc.***, 177 F.R.D. 136, 140 (W.D.N.Y. 1997).

¶11.    Clark Sand notes the Florida Senate Journal makes no reference to Section 607.1407 being a statute of limitations.  Moreover, the Florida Supreme Court has held that a Senate staff analysis is but "one touchstone of the collective legislative will," and is "not determinative of final legislative intent." ***White v. State***, 714 So. 2d 440, 443 n.5 (Fla. 1998). Indeed, the language in the Senate staff analysis, in light of the overwhelming nationwide caselaw to the contrary, is not persuasive, and we find that it is not indicative of the "final legislative intent."  Further, it is unlikely the Florida Legislature would diverge from all other states in this regard, especially considering the language was adopted from the Model Business Corporation Act.

¶12.    Nor is ***Idylwoods Associates v. Mader Capital*** persuasive. That proceeding was on a motion seeking leave to amend a cross-claim. ***Idylwoods***, 177 F.R.D. at 137. The trial court denied the motion on grounds other than the survival statute and then went on to note the claims also would be barred because they were brought after the time permitted by Florida's corporate-dissolution statute. ***Id.*** at 139-40. In doing so, the trial court judge erroneously

referred to the statute as a statute of limitations. This was dicta without any consideration of whether the corporate-dissolution statute was, in fact, a statute of limitations. *Id.* at 139-40.

¶13.    In sum, we agree with our sister jurisdictions in finding corporate-survival statutes, specifically Florida Section 607.1407, are not statutes of limitation. *See OXY USA Inc.*, 79 So. 3d at 382; *Gomez*, 246 S.W.3d at 315-13; *Deere & Co.*, 592 S.E.2d at 177;  *Theta Props.*, 814 A.2d at 912; *Sweeney*, 949 S.W.2d at 292; *Keefe*, 532 N.W.2d at 629; *Swindle*, 905 S.W.2d at 568; *Smith*, 879 P.2d at1202-03; *Churchman*, 564 N.E.2d at 344; *Davis*, 727 F. Supp. at 551; *Williams*, 674 F. Supp. at 337. Furthermore, once a corporation is dead, *i.e.,* the survival-statute time period has lapsed, it  no longer can be sued. *Chicago Title & Trust Co.*, 302 U.S. at 129-30; *Theta Props.*, 814 A.2d at 912.  Accordingly, we affirm the trial court on this point.

### B. Tort claims are claims.

¶14.    Williams also claims that the survival statute does not apply to tort claims. Williams cites no authority in support of this argument. Indeed, one of the primary purposes of survival statutes like that of Florida is to allow claimants to bring suit against a dissolved corporation for a limited time. *See Smith*, 879 P.2d 1198; Model Bus. Corp. Act § 14.07 cmt. (amended 2005) (specifically mentioning the purpose of the rule is to permit lawsuits to be filed against dissolved corporations for a set number of years); 19 C.J.S. *Corporations* §§ 952, 953 (2007) (noting corporate-survival statutes exist, in part, to allow suits against dissolved corporations); *see also Mejia v. Ruiz,* 985 So. 2d 1109, 1114 (Fla. Ct. App. 2008) (applying

Florida corporate-dissolution statute Section 607.1406 to a tort claim). This argument is without merit.

### C. Corporate-survival statutes are constitutional.

¶15.    Williams further argues that enforcing the Florida statute would violate his due process and equal protection rights. Williams says the Florida law results in different treatment of similarly situated plaintiffs who rely on Mississippi's discovery rule. He claims that the Florida statute unconstitutionally permits one class of persons – those who discover their injuries and file within four years of dissolution – to maintain a suit, while preventing another class – those who do not discover their injuries in time to file within four years – from bringing a claim.

¶16.    Williams cites no authority on point. Indeed, the U.S. Supreme Court and other courts considering this issue have ruled the other way. ***Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.***, 302 U.S. 120, 128, 58 S. Ct. 125, 128, 82 L. Ed. 147 (1937) ("There is nothing in the Federal Constitution which operates to restrain a state from terminating absolutely and unconditionally the existence of a state-created corporation, if that be authorized by the statute under which the corporation has been organized."); ***In re All Cases Against Sager Corp.***, 967 N.E.2d 1203, 1205 (Ohio 2012), ("In conformity with constitutional requirements of due process and the Full Faith and Credit Clause, the law of the state of incorporation controls whether a corporation is amenable to suit."); *see also* ***Oklahoma Nat. Gas Co. v. State of Okla.***, 273 U.S. 257, 259-60, 47 S. Ct. 391, 392, 71 L. Ed. 634 (1927) (noting no constitutional defects in finding dissolved corporations cease to

be entities that can be sued and that "corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation.").

## II. Whether the center-of-gravity test applies in this case.

¶17. The center-of-gravity analysis is a choice-of-laws mechanism that this Court uses to resolve conflicts of law. *Mitchell v. Craft*, 211 So. 2d 509, 515 (Miss. 1968) ("This doctrine is a rule whereby the court trying the action applies the law of the place which has the most significant relationship to the event and parties, or which, because of the relationship or contact with the event and parties, has the greatest concern with the specific issues with respect to the liabilities and rights of the parties to the litigation." (citing 15A C.J.S. *Conflict of Laws* 8(2) (1967))); *see also Zurich*, 920 So. at 433; *Restatement (Second) Conflict of Laws* §§ 145, 146 (Am. Law Inst. 1971). Here, Williams claims there is a conflict between Florida's corporate-survival statute and Mississippi's statute of limitations and discovery rule. Yet, the center-of-gravity test is inapplicable to the instant matter.

¶18. Where there is a conflict of laws, Mississippi follows the *Restatement (Second) Conflict of Laws*. *Newman v. Newman*, 558 So. 2d 821, 823-24 (Miss. 1990). The *Restatement (Second) Conflict of Laws* provides in Section 299 that a corporation's existence is determined by the laws of the state of incorporation. *Restatement (Second) Conflict of Laws* § 299 (Am. Law Inst. 1971). The Florida statute at issue here terminates a corporation's existence for purposes of unknown claims four years after its filing notice dissolution. Williams filed suit after Clark Sand ceased to exist under Florida law.

10

¶19.    Mississippi will apply the substantive law of a foreign state where the other state's law is not "offensive to the deeply ingrained or strongly felt public policy of the state." *Boardman v. United Servs. Auto. Ass'n*, 470 So. 2d 1024, 1038 (Miss. 1985). Mississippi's corporate-survival statute is identical to Florida's, except Mississippi's is slightly more restrictive, in that it extends the privilege to sue a dissolved corporation only for three years instead of four. *Compare* Miss. Code Ann. § 79-4-14.07, *and* Fla. Stat. Ann. § 607.1407. To state the obvious, applying a statute essentially identical to Mississippi's own is not offensive to this State's public policy. Indeed, Mississippi law holds that, where another state's law creates a right of action and places limits on that action, it is not controlled by Mississippi's statute of limitations. *Louisville & Nashville R.R. Co. v. Dixon*, 150 So. 811, 812-13 (Miss. 1993).

¶20.    Moreover, not only is the Florida corporate-survival statute not in conflict with Mississippi's corporate-survival statute in this case, Williams does not assert that Mississippi's statute of limitations conflicts with any actual Florida statute of limitations. Consequently, there is no conflict requiring application of the center-of-gravity test. *See Mitchell*, 211 So. 2d at 515 (holding Mississippi applies the center-of-gravity (most substantial relationship) test to conflicts between substantive laws). To the extent that a conflict ostensibly does exist, the authorities point to application of Florida law. *See, e.g., Louisville & Nashville R.R. Co. v. Dixon*, 150 So. 811, 812-13 (Miss. 1933); *Newman*, 558 So. 2d at 823-24; *Restatement (Second) Conflict of Laws* § 299.

¶21.    A recent Ohio Supreme Court decision is instructive. There, Ohio plaintiffs, like

Williams here, argued the center-of-gravity test in *Restatement (Second) Conflict of Laws*

Section 146 required the application of Ohio law to determine whether their claims were

barred against an Illinois corporation for injuries allegedly occurring in Ohio. ***Sager***, 967

N.E.2d at 1206. The plaintiffs, like Williams, claimed that under conflicts-of-law analysis,

Ohio's statute of limitations and discovery rule permitted suit against the Illinois corporation

despite the running of  Illinois's five-year corporate-survival statue. ***Id.***

¶22.    Rejecting the plaintiff's argument, the Ohio court, citing ***Chicago Title***[2] and

***Oklahoma Natural Gas***,[3] held that the determination of whether a corporation is amenable

to suit is controlled by the state of incorporation, regardless of the statute of limitations and

discovery rule of the forum state. ***Sager***, 967 N.E.2d at 1207-10 ("the law of the state of

incorporation [applies] in deciding whether a dissolved corporation has capacity to be sued

in a forum state."). The court noted that, because a corporation's existence is determined by

the state of incorporation, its existence is a separate legal consideration from the statute of

limitations. ***Id.*** at1208-09. The court then noted numerous other jurisdictions reaching the

---

[2] ***Chicago Title***, 302 U.S. at 128 ("There is nothing in the Federal Constitution which operates to restrain a state from terminating absolutely and unconditionally the existence of a state-created corporation . . . .");

[3] ***Oklahoma Nat. Gas Co.***, 273 U.S. at 259-60 ("[C]orporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being.").

12

same conclusion. *Id.* (citing *Halliwell Assocs., Inc. v. C.E. Maguire Servs., Inc.*, 586 A.2d 530, 531-532 (R.I. 1991) ("since Halliwell Associates is a Massachusetts corporation, Massachusetts law governs the capacity of a Massachusetts corporation or its shareholders to sue or be sued"); *Velasquez v. Franz*, 123 N.J. 498, 510, 589 A.2d 143 (1991) ("The choice-of-law question regarding a corporation's capacity to be sued has been answered by reference to the laws of the state of incorporation since long before the rule's incorporation into the federal rules of civil procedure"); *Gassert v. Commercial Mechanisms, Inc.*, 277 N.W.2d 392, 393 (Minn. 1979) ("We have held that the law of the state of incorporation applies to a dissolved corporation. Since it is undisputed that CMI is a Missouri corporation, the Missouri survival statute applies.") (citation omitted); *Casselman v. Denver Tramway Corp.*, 195 Colo. 241, 244, 577 P.2d 293 (1978) ("We hold that the question of whether a foreign corporation can be sued after dissolution depends upon the law of the state of incorporation"); *Bazan v. Kux Mach. Co.*, 52 Wis. 2d 325, 333, 190 N.W.2d 521 (1971) ("It is the rule that when a corporation becomes defunct by dissolution in the state of its creation, it is defunct in every other state unless such other state has also granted it a charter")); *Owens v. Allied Underwriters*, 207 La. 437, 450, 21 So. 2d 490 (1945) ("Since the life of the corporation has been terminated under the laws of Texas, it no longer has the capacity to be sued in Louisiana"); *Chaplin v. Selznick*, 293 N.Y. 529, 540, 58 N.E.2d 719 (1944) (the California survival statute "is entitled to recognition and enforcement by the courts of this State"); *Meehl ex rel. Eagle Indem. Co. v. Barr Transfer Co.*, 305 Mich. 276, 283, 9 N.W.2d 540 (1943) ("There is no question but that the dissolution of a corporation is

13

governed by the laws of the state granting its charter"); *Floerchinger v. Sioux Falls Gas Co.*, 68 S.D. 543, 547, 5 N.W.2d 55 (1942) (applying New Jersey corporation law); *Wettengel v. Robinson*, 288 Pa. 362, 370, 136 A. 673 (1927) ("The Riverside Company being a West Virginia corporation, the law of that state governs the status and powers of the corporation and its directors after the surrender of its charter")

¶23. A recent Michigan case made a similar finding. After noting that Michigan's corporate-saving statute was not a statute of limitations, the Michigan Court of Appeals held that the savings statute applied to latent injuries discovered after the savings period expired. *Gilliam*, 677 N.W.2d at 866-69. The court noted that the intent of corporate-saving statutes is to bar unknown claims "'that arise after the dissolution of the corporation . . . , thus cutting off the possibility that the corporation's potential liability could never be completely resolved." *Id.* at 669 (quoting *Freeman v. Hi Temp Prods., Inc.*, 229 Mich. App. 92, 96, 580 N.W.2d 918, 922 (1998)). Consequently, the Michigan court found asbestos-related claims discovered after the corporate-survival statute had expired were barred, despite the injuries being latent and undiscoverable before the dissolution became final. *Id.*

¶24. We find these cases persuasive. And, importantly, the above analysis comports with the requirements of the Full Faith and Credit Clause. Article IV, Section 1, of the United States Constitution requires Mississippi courts to accord "full faith and credit" to "the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Accordingly, Florida's organization and dissolution laws are entitled to enforcement in Mississippi. *CTS Corp. v. Dynamics Corp. of America*, 481 U.S. 69, 89, 107 S. Ct. 1637,

95 L.Ed.2d 67 (1987) ("No principle of corporation law and practice is more firmly established than a State's authority to regulate domestic corporations."); ***Lilliquist v. Copes-Vulcan, Inc.***, 2011 PA Super. 102, 21 A.3d 1233, 1235 (2011) (applying Alabama survival statute to claims filed in Pennsylvania, finding the claims were filed after dissolution and thus barred).[4] Consequently, we affirm the trial court on this issue.

### III. Whether Clark Sand's alleged failure to follow Florida law in regard to Section 607.1406 in prior suits affects the current case.

¶25. Florida Statute 607.1406 provides "The dissolved corporation or successor entity shall deliver to each of its known claimants written notice of the dissolution at any time after its effective date." Fla. Stat. Ann. § 607.1406(2). Williams's attorneys claim they had forty to fifty known claims pending against Clark Sand when the corporation filed for dissolution, and that Clark Sand never sent the law firms notice of dissolution. As a result, the law firms allege they did not expedite filing the current suits. They claim sixteen of the seventeen suits potentially could have been filed before the cutoff date, had they known of the dissolution.

¶26. Williams relies on ***Mejia v. Ruiz***, 985 So. 2d 1109 (Fla. 3d Dist. Ct. App. 2008). There, the Florida Court of Appeals for the Third District found that, where the shareholders and directors of a corporation defrauded a judgment creditor and failed to provide notice of their corporation's dissolution as part of that fraud, they were not entitled to the benefits of dissolution. ***Id.*** at 1114. In other words, the shareholder's wrongdoing prevented them from

---

[4] Conversely, if a judgment was granted against Clark Sand in Mississippi, that judgment would not be entitled to full faith and credit in Florida, *i.e.,* a Florida court would have no obligation to enforce that judgment in Florida. ***Pendleton v. Russell***, 144 U.S. 640, 645, 12 S. Ct. 743, 745, 36 L. Ed. 574 (1892).

invoking the dissolution's shield against lawsuits. *See id.* ("Shareholders and directors that follow the procedures set forth in section 607.1406 are given limited immunity. Conversely, those that ignore its dictates are not.").

¶27. To be clear, the notice requirements of Section 607.1406 do not apply to any of the current plaintiffs. It also is not disputed that the notice of dissolution relevant to unknown claimants was posted on the Florida Secretary of State's website upon Clark Sand's filing. Williams's argument is that Clark Sand may have withheld actual notice intentionally to these law firms in an effort to defraud or somehow hinder subsequent plaintiffs represented by these law firms. Williams does not explain, however, why the law firms were entitled to notice, as opposed to their clients, but Clark Sand never objected to this assertion. Therefore, we give Williams the benefit of the doubt that the lawyers were entitled to notice.

¶28. The trial court found no evidence that Clark Sand was trying to perpetrate a fraud or to hinder these plaintiffs. Indeed, no evidence has been presented showing that Clark Sand failed to provide notice to any known claimants for an improper purpose. However, Williams's attorneys stated to the trial court that they never received notice of dissolution and requested leave to depose Clark Sand's former owner in an effort to determine why they were never provided notice. Clark Sand did not deny they failed to provide notice to the attorneys. Nevertheless, the trial court found that the notice requirements of Section 607.1406 did not apply to the unknown plaintiffs, and that, because there was no evidence of fraud or intent to hinder subsequent unknown plaintiffs, Clark Sand was entitled to judgment.

16

¶29. In response to a motion for summary judgment, "parties may not simply rely on their pleadings, nor may they escape summary judgment by outlining what they might discover later." *Franklin Collection Serv., Inc. v. Kyle*, 955 So. 2d 284, 291 (Miss. 2007). Importantly here, there is no evidence that Clark Sand withheld notice in an effort to defraud or hinder Williams. Williams's attorneys essentially argued there may have been an improper purpose for withholding notice regarding known suits and then sought leave, *ore tenus*, to conduct further discovery. In effect, they merely "outlin[ed] what they might discover later." *See Kyle*, 955 So. 2d at 291.

¶30. Accordingly, we find that the trial court correctly sustained Clark Sand's motion for summary judgment regarding this issue. Under *Mejia*, a Florida corporation may not be entitled to shield itself from liability where the corporation's dissolution is employed in an effort to defraud or hinder claimants. But here, Williams's attorneys failed to support their allegations that Clark Sand withheld notice of the corporation's dissolution in other suits in order to perpetrate a fraud or hinder Williams. Moreover, Clark Sand complied with the notice requirements to unknown claimants, which applies here. As a result, the judgment of trial court is affirmed.

## CONCLUSION

¶31. The Florida corporate-dissolution and survival statute applies in this case. Williams failed to file his suit prior to Clark Sand's dissolution. Therefore, his claim is barred. Additionally, Williams failed to support his allegations of potential fraud or hindrance. The

17

Circuit Court of Jackson County therefore properly granted summary judgment in favor of Clark Sand, and that judgment is affirmed.

¶32.    **AFFIRMED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.   KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶33.    Because I would reverse the trial court's grant of summary judgment to Clark Sand Company, Inc. (Clark Sand), I respectfully dissent.

¶34.    Florida statutory law provides that unknown claims against a dissolved corporation are "barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within 4 years after the date of filing the notice with the Department of State or the date of the second consecutive weekly publication . . . ." Fla. Stat. Ann. § 607.1407. Mississippi statutory law provides that unknown claims against dissolved corporations are "barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within the lesser of three (3) years after the publication date of the newspaper notice, or any other applicable limitations period established by applicable law . . . ." Miss. Code Ann. § 79-4-14.07(c) (Rev. 2013).

¶35.    The majority is correct in finding that the Florida corporate-survival statute is not in conflict with Mississippi's corporate-survival statute. *See* ***Zurich American Ins. Co. v. Goodwin***, 920 So. 2d 427, 432 (Miss. 2006) ("Choice of law analysis arises only when there is a true conflict between the laws of two states, each having an interest in the litigation.")

18

Williams asserts that the substantive Florida corporate-survival statute conflicts in this case with the procedural Mississippi statute of limitations found in Mississippi Code Section 15-1-49 (2), which provides that "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (Rev. 2012). But in the context of products liability cases, Florida, as does Mississippi, recognizes a latent-injury exception: "'[M]anifestation' of a latent injury in a products liability claim occurs when the plaintiff is on notice of a causal connection between exposure to the allegedly defective product and the resultant injury." *R.J. Reynolds Tobacco Co. v. Webb*, 93 So. 3d 331, 335 (Fla. 1st Dist. Ct. App. 2012) (quoting *Barnes v. Clark Sand Co., Inc.*, 721 So. 2d 329, 332 (Fla. 1st Dist. Ct. App. 1998)).

¶36.    The majority states that, "where another state's law creates a right of action and places limits on that action, it is not controlled by Mississippi's statute of limitations." Maj. Op. ¶ 19 (citing *Louisville & Nashville R.R. Co. v. Dixon*, 158 Miss. 14, 150 So. 811 (1933)). *Dixon* involved an administratrix of an estate who sought workers' compensation benefits under the applicable Louisiana workers' compensation statute. *Dixon*, 150 So. at 811. This Court found that the cause of action had become extinct because Louisiana's substantive law, pursuant to which relief was sought, was not extended by Mississippi's procedural statute of limitations. *Id.* at 813. The present case is distinguishable from *Dixon* because, unlike in that case, relief was not sought *pursuant to* the Florida corporate-survival statute. Here, the

19

defendants moved for summary judgment on the basis of the Florida corporate-survival statute, and the Circuit Court of Jackson County agreed and applied it.

¶37.    The majority further finds that Florida law should apply to this case: "[t]o the extent that a conflict ostensibly does exist, the authorities point to application of Florida law." Maj. Op. ¶ 20. With respect, I disagree. The majority bases its determination solely on the *Restatement* (*Second*) *Conflict of Laws*: "[t]he *Restatement* (*Second*) *Conflict of Laws* provides in Section 299 that a corporation's existence is determined by the laws of the state of incorporation." Maj. Op. ¶ 18 (citing *Restatement* (*Second*) *Conflict of Laws* § 299 (Am. Law. Inst. 1971)). When faced with a conflict-of-laws analysis, this Court has applied the "choice of law principles now generally advanced in Restatement (Second) of Conflict of Laws (1971)." ***Newman v. Newman***, 558 So. 2d 821, 823 (Miss. 1990) (citations omitted). It is true that Section 299 provides that "[t]he local law of the state of incorporation determines the method of terminating or suspending corporate existence;" however, Section 299 also provides that:

> Primarily for the purpose of *saving local creditors from the inconvenience* of having to present their claims in the state of incorporation, statutes sometimes provide that foreign corporations which own things or do business in the state can sue, and remain subject to suit, in the corporate name for a period after their existence has terminated or suspended. Even if there is no similar statute in the state of incorporation, such a statute will permit suit to be brought in the state of enactment *to wind up the corporation's business* in that state or *to proceed against corporate property there*.

*Restatement* (*Second*) *of Conflict of Laws* § 299(2) cmt. (Am. Law. Inst. 1971) (emphasis added). Clark Sand was incorporated and dissolved pursuant to the laws of Florida. But Section 299 contemplates suits initiated for the purpose of winding up corporate business,

20

for the purpose of proceeding "against corporate property there," and for the purpose of "saving local creditors from the inconvenience of having to present their claims in the state of incorporation." Those rationales for the application of local law of the state of incorporation are not relevant to the present lawsuit.

¶38.    Assuming, as does the majority, that a conflict of laws exists, Section 299 does not contemplate tort claims against the corporation after the dissolution and the expiration of the statutory corporate-survival period. Section 145 of the *Restatement* governs tort claims and provides the following:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> > (a)    the place where the injury occurred,
> >
> > (b)    the place where the conduct causing the injury occurred,
> >
> > (c)    the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> >
> > (d)    the place where the relationship, if any, between the parties is centered.
>
> . . . .

*Id.* at § 145. Section 6 provides that:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

21

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

*Id.* at § 6. According to longstanding precedent of this Court, "[i]n determining which State's law to apply, Mississippi relies on the 'center of gravity' doctrine of the Restatement," and therefore applies

> the law of the place which has the most significant relationship to the event and parties or which, because of the relationship or contact with the events and parties, has the greatest concern with the specific issues with respect to the liabilities and rights of the parties to the litigation.

***Goodwin***, 920 So. 2d at 433 (quoting ***Mitchell v. Craft***, 211 So. 2d 509, 510 (Miss. 1968)).

¶39.    Here, the alleged injury, exposure to harmful silica dust, occurred in Jackson County, Mississippi. Clark Sand actively did business in Mississippi, the conduct which allegedly caused Williams's exposure to Clark Sand's product. Williams is a resident of Alabama. Clark Sand was incorporated and dissolved in Florida, though it actively conducted business in Mississippi. With regard to the place where the relationship was centered, the product of Clark Sand which allegedly caused injury to Williams was used by him in Mississippi. Therefore, applying Section 145 of the *Restatement* and the precedent of this Court to the

facts of the present case, Mississippi has the most significant relationship to the occurrence and parties, and was therefore the "center of gravity" of events giving rise to the litigation. The State of Mississippi has a strong interest in protecting those who are employed within its borders.

¶40. Under Mississippi law, the question of whether the corporate-survival statute is tolled in the context of latent injuries remains unanswered. The corporate-survival statute, which extends the right to file suit to a fixed and definite point after corporate dissolution, is akin to a statute of repose. Statutes of repose, according to this Court, "'cut[] off the right of action after a specified period of time . . . .'" ***Windham v. Latco of Mississippi, Inc.***, 972 So. 2d 608, 611 (Miss. 2008) (quoting ***Evans v. Boyle Fishing Serv., Inc.***, 680 So. 2d 821, 827 n.4 (Miss. 1996)). In ***Windham***, this Court considered "[w]hether an act of fraudulent concealment, if proven, will bar application of the statute of repose found in Mississippi Code Annotated Section 15-1-41 (Rev. 2003)."[5] ***Windham***, 972 So. 2d at 610. We opined

---

[5] No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property *more than six (6) years after* the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.

Miss. Code Ann. § 15-1-41 (Rev. 2012) (emphasis added).

that, "[a]s fraud can never be sanctioned, we conclude that the Legislature intended that the fraudulent-concealment exception of Mississippi Code Annotated Section 15-1-67[6] applies to the statute of repose in Mississippi Code Annotated Section 15-1-41." *Id.* at 614. *Windham* is analogous to the present case. The latent-injury discovery rule of Mississippi Code Section 15-1-49(2) should be applied to the statute of repose extending corporate life beyond dissolution. The effect of corporate dissolution is not so broad as to render unavailable a remedy to individuals suffering from an injury which was latent until after the extinguishment of the repose period. That result is too harsh to justify. Under Mississippi law, Williams's claim ought to have survived summary judgment.

¶41.    But even assuming *arguendo* that Florida law applies in this case, it seems that Williams's claim survives summary judgment. The Florida Supreme Court considered a case involving latent "lung disease (silicosis) from exposure to silica dust emanating from the sand used in sandblasting operations." *Pulmosan Safety Equip. Corp. v. Barnes*, 752 So. 2d 556, 557 (Fla. 2000). The Florida Supreme Court ruled that "in a products liability action where the now-defunct statute of repose is still applicable, the latent injury exception remains viable so that the statute of repose will not extinguish the plaintiff's cause of action if his or her injuries are latent and undiscoverable within the repose period." *Id.* at 559. So, even

---

[6]    If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67 (Rev. 2012)

applying Florida law, which formed the basis for the trial court's grant of summary judgment to Clark Sand in this case, the trial court erred.

¶42. Absent a determination by this Court that our discovery rule was inapplicable in the context of the corporate-survival statute, application of Mississippi law would not offend the relevant policies and relative interests of Florida in protecting plaintiffs suffering from latent injuries from strict application of repose periods.

¶43. For the reasons stated, I would reverse the judgment of the Circuit Court of Jackson County granting summary judgment to Clark Sand and would remand the case for trial.

**KING, J., JOINS THIS OPINION.**